### ELIJAH W. BROWN *v.* FRANCIS VAN DUZEE.[*]

*License.  Probate Court.  Easement.  Incumbrance.*

A license to sell real estate, granted by the probate court, is an authority given by law as administered by the probate court, and has no force except what the law through the action of the court gives.

The word "sell" is the operative word both in the statute and the license, and imports that the whole title is to be parted with, and not that the estate is to be incumbered.

The authority of an executor, under a license of the probate court to sell real estate, cannot be enlarged by his action under it beyond its legal effect, and in this case the attempt of the executor to create a foot-pass outside of the land he sold was without force, and no incumbrance was created by it.

ACTION of covenant for breach of warranty against incumbrances.  Plea, performance.  This cause was referred under rule of the county court, and the referee reported as follows :

It was conceded that Abraham Sawyer died, seized of the land and real estate described in the plaintiff's declaration.  Said Sawyer by his last will devised the land in question to the First Baptist Society in Chester.  On the 5th day of February 1858, Nahum · Horton, executor of said Sawyer's will, pursuant to a license from probate court, sold, for the purpose of paying debts, about one half acre of land adjoining the premises described in the plaintiff's declaration, to Chester Marble, with the buildings thereon.  The deed of said Horton to Marble, after describing particularly the half acre of land, contains the following clause : " *And a privilege of a foot-pass through the other half of said garden to pass to said mill, where the same has heretofore been used.*"

The foot-pass above mentioned leads across the premises now owned and occupied by the plaintiff, distance about six rods to the highway, and is the only incumbrance set forth in the declaration in this case.

---

[*] Heard February term, 1871 ; decided February term, 1872.

The foot-pass aforesaid is upon and across land not sold by Horton, executor of Sawyer, to Marble, and in Horton's return of sale to probate court, no mention of the sale of the " foot-pass" is made, and his return of sale was never recorded in the town clerk's office in Chester.

The premises described in the plaintiff's declaration consist of a small dwelling-house, barn and grist-mill, the house situated between the mill and the half acre of land sold by Horton to Marble.

The first Baptist Society relinquished its claim to the lands in question to the heirs of Abraham Sawyer, and they conveyed the same to Alvin W. Davis, by deed of warranty. Davis conveyed the same to the defendant by deed of warranty. The defendant conveyed the same to the plaintiff by deed of warranty. The plaintiff conveyed the same premises by deed of warranty to Chester Marble. Chester Marble conveyed the same premises back to the plaintiff by deed of warranty. Chester Marble conveyed the half acre of land and buildings purchased of Horton, executor of Sawyer as aforesaid, to Lorenzo F. Wood by deed. The plaintiff went into the possession of the premises described in his declaration at the time he purchased the same of the defendant, September 1, 1865, and was in possession at the date of the writ in this case.

That his possession was never interrupted or disturbed until since his purchase of Marble, when said Lorenzo F. Wood first asserted his right to use the " foot-pass " to the premises of the plaintiff, since which time said Wood has continued to use the same and claims the right to do so. It was claimed by the defendant that Horton, executor of Sawyer, had no right under his license to incumber the lands not sold by selling a foot-pass over and upon them, and also for the reason that the lands incumbered by this " foot-pass " were specifically devised, and that if he had such right, his sale of it was void, for the reason that he did not make a return of such sale to the probate court, and cause the same to be recorded in the town clerk's office in Chester. It was also claimed by the defendant that the right to the " foot-pass," if any such right existed, was a mere personal right and not as-

signable. I find the fact that during the lifetime of Abraham Sawyer, certain tenants and employees of his, who occupied the house now occupied by Wood, passed across land now owned by the plaintiff where the foot-pass now is, but never under any claim of right to do so, and I submit to the court for its determination as matter of law, the question whether under the conveyance of Horton, executor of Abraham Sawyer, to Chester Marble, and the facts contained in this report, the "foot-pass" in question is a lawful incumbrance upon the land conveyed by defendant to the plaintiff. The plaintiff called several witnesses for the purpose of giving their opinions as to the amount of damage resulting to the plaintiff from such incumbrance, which testimony was objected to by the defendant as incompetent, but admitted.

If the court shall.be of the opinion, from the foregoing facts, that a valid incumbrance exists upon the plaintiff's land, and the evidence as to the damage was correctly admitted, then I find the damage from the breach of the defendant's covenant with the plaintiff to be the sum of three hundred and fifty dollars.

If on the contrary, Horton, executor of Sawyer, had no right to encumber the land now owned by the plaintiff with the foot-pass, or if he had such right, but failed to comply with the statute requirement, in making his sale, then I find that the defendant has kept and performed his covenant with the plaintiff.

The county court, May term, 1871, BARRETT, J., presiding, rendered judgment for the defendant on the report, to which the plaintiff excepted.

*Geo. L. Fletcher*, for the plaintiff.

The foot-pass conveyed by Horton, Ex'r of Sawyer, to Marble, being a prior conveyance and an older and better title than defendant's deed to plaintiff, or any of defendant's grantors, is an incumbrance. *Williams* v. *Weatherbee*, 1 Aik., 233 ; *Boyd* v. *Bartlett*, 36 Vt., 9 ; *Clark* v. *Conroe's estate*, 38 Vt., 469 ; *Russ* v. *Steele*, 40 Vt., 310 ; 3d Phil. Ev., 458 ; *Kellogg* v. *Ingersoll*, 2 Mass., 97.

Covenants, where any estate passes, run with the land, and are intended for the benefit of the ultimate grantee in whose time it is

broken. It not only extends to the possession but to the land and the estate in it. *Williams* v. *Weatherbee*, 1 Aik., 233 ; *Keith* v. *Day*, 15 Vt., 660 ; *Townshed* v. *Morris*, 6 Cowen, 127 ; 4 Kent's Com. 573, 10th ed. ; 471 old ed.

A right of way is an incumbrance and an interest in land, and passes with, and is appurtenant to the premises deeded, and is embraced in the covenants contained in Marble's and Wood's deeds, and is to them and their assigns forever. Therefore it is assignable and carries with it the right to use the soil for that purpose. Such right of way has the same force and legal effect if conveyed as an appurtenance to the premises. *Butler* v. *Gale*, 27 Vt., 739 ; 3d Kent's Com., 551 ; *Russ* v. *Steele*, 40 Vt., 310 ; 2d Greenl. Ev., §§ 657, 659 ; *White* v. *Crawford*, 10 Mass., 183 ; *Kent* v. *Waite*, 10 Pick., 138 ; *Doane* v. *Broad St. Ass'n*, 6 Mass., 332 ; *Story* v. *Odin*, 12 Mass., 157.

Covenant is broken by showing any interest in a third person which lessens the value. It is for quiet enjoyment, as an assurance against the consequences of a defective title, and of any disturbance thereon. *Howell* v. *Richards*, 11 East, 633 ; *Park* v. *Bates*, 12 Vt., 387.

The executor had full authority to sell the estate together with all the privileges and appurtenances thereunto belonging. The license was regular and in strict conformity to the will and the statute requirements. It was granted for the purpose of paying debts against the estate.

Plainly the executor had authority by his license to sell $1442. 89 worth of the real estate. He could have sold the entire other half of the garden, or he might in the exercise of his own judgment have sold the fee fully in the foot-pass to Marble. He could then, instead of such sale, sell the lesser estate in the lands occupied as a foot-pass over the other half, which let Marble out to the public highway and also to the mill. It is not a personal right merely, as by the terms of the deed it is a part of and goes with the whole premises conveyed in the deed, not only to Marble, but to his heirs and assigns forever.

The breach of defendant's covenant to plaintiff accrued at the instant of the delivery of the deed to him. Plaintiff had a legal

right to call upon any one of the grantees prior to himself, who stand in privity of estate with the defendant, for indemnity and satisfaction for the breach of this covenant. *Russ* v. *Steele*, 40 Vt., 310 ; *Tyler* v. *Russ*, 17 Mass., 586 ; *Boyd* v. *Bartlett*, 36 Vt., 9 ; 4 Kent Com., 576, tenth ed., 472 old ed. ; *Smith v. Perry, adm'r.*, 26 Vt., 293 ; *Bickford* v. *Page*, 2d Mass., 455 ; *Wyman* v. *Ballard*, 12 Mass., 304 ; *Park* v. *Bates*, 12 Vt., 387, WILLIAMS J. ; *Butler* v. *Gale*, 27 Vt., 746, REDFIELD, Ch. J.

*Luther Adams*, for the defendant.

The opinion of the court was delivered by

WHEELER, J. There appears to have been no incumbrance upon the land conveyed by the defendant to the plaintiff, which the defendant covenanted was free from incumbrances, unless one existed by force of the deed from Horton, executor, to Marble, wherein Horton conveyed a parcel of land adjoining that conveyed by the defendant to the plaintiff, and undertook to convey a privilege of a foot-pass across the latter with the former parcel. Horton was not then the owner of either parcel. He had no authority to sell or convey either, except what he derived from the license granted by the probate court to him as executor. This license was an authority given by the law as administered by the probate court, and had no force except that which the law through the action of that court gave it. The law, General Statutes 396, § 39, clause sixth, gave the probate court power to authorize the executor to sell such part of the estate as should be judged necessary or proper. By virtue of this power the probate court authorized this executor to sell " so much of the real estate of said deceased not specifically devised in and by the will of said deceased" as should be sufficient to raise $1,442.92, and all incidental charges. The word sell is the operative word both in the statute and in the license. That word imports that the whole title to any estate disposed of is to be parted with for an equivalent in money, and not that such estate is to be incumbered for money. The statute further provided that the deed of an executor, or administrator, having proper license and certificate should be as good and valid to all intents and purposes to convey the estate authorized to be

sold, as if the deed had been executed by the deceased in his life-time. General Statutes 396, § 40. This rather indicates that the whole title of the deceased in the part sold, and not a part of it only, was to pass by the deed. Horton, as executor, did not sell, nor undertake to sell to Marble, the land that the defendant after-wards sold the plaintiff. He undertook to incumber it with a foot-pass; but to sell the whole estate, and to incumber in that way, are very different things to do, and very different in effect. He had authority to sell but not to incumber. His authority was given by the law through the action of a court of record, upon proceedings of which all persons had constructive notice, and which would appear of record. Under these circumstances his authority could not be enlarged by his action under it beyond its legal effect. His act in undertaking to create a foot-pass outside of land he sold, was without force, and no incumbrance was created by it. Therefore there was no legal incumbrance on the land which the defendant conveyed to the plaintiff at the time of the conveyance, as shown by this case, and the judgment of the county court for the defendant was correct. Judgment affirmed.