## HARRIS *vs.* DINSMORE.

Where a Clerk of the Courts, was by statute, required to render to the County Treasurer, on the first Wednesday of *January* annually, an account of all moneys received by him during the year by virtue of his office; and "after deducting $1000, if he should have received so much, to pay over one half of the residue" &c.—and said Clerk having received $927,61 from the 1st Wednesday of *January* to the 23d of *October*, when he ceased to hold the office—it was *held*, in a suit against him on his bond, that he was not bound to pay over, except when the amount received exceeded $1000, though it was a greater fractional part of the $1000, than the time in which it was received was of a year.

THIS was an action of debt, brought in the name of the State Treasurer, against the defendant, late Clerk of the Courts in this county. The facts were agreed, and are sufficiently stated in the opinion of the Court, which was delivered by

PARRIS J.—The only question submitted for our consideration is, whether the defendant has broken the condition of his official bond by neglecting and refusing to pay over to the County Treasurer any portion of the moneys by him received by virtue of his office, from the first Wednesday of *January* to the twenty-third of *October*, 1832.

The condition of his bond is, to pay over all moneys required to be paid over by statute, *chap.* 90. By the 2d section of that statute, it is provided, " That the several Clerks shall keep a true and exact account of all moneys they shall receive, by virtue of their office, and shall on the first Wednesday of *January* annually, render to the Treasurers of their respective counties, under oath, a true account of the whole sum thus by them received,

and after deducting one thousand dollars, if they shall have received so much, which shall be held and retained for their own use, they shall pay over the one half of all the residue to their respective County Treasurers for the use of the County."

It is not charged upon the defendant that he neglected to keep the account required by law, or that he omitted to render such account to the Treasurer of the county on the first Wednesday of *January*, 1833. This was all done in compliance with the law, and the condition of his bond. But he paid over nothing; and for this reason; that by the terms of the statute he was not required to pay over any thing, unless he had received more than one thousand dollars. That sum the law permitted him to retain for his own use, and inasmuch as he had not received even to that amount, there could be no breach of his bond by his retaining what he did receive.

The condition of the bond was literally fulfilled; and we find nothing in the statute from which we can infer that it was not fulfilled according to the spirit of the law, and the intention of those who made it. Even if we had no doubt what provisions the Legislature would have made if the existence of such a case as this had occurred to their minds, still as they have not provided for such a case, it is not for us to supply the deficiency.

If this statute, plain and perspicuous in its phraseology, as we think it is, were to be so extended by construction as to embrace the case at bar, we might well be charged with making, instead of expounding the law. It is by no means certain that the Legislature did not intentionally omit to require Clerks to pay over for fractions of a year. There might be such difficulties in ascertaining the amount justly payable by each incumbent; there might be such difference of opinion as to the true principle upon which each ought to account, as to prevent any legislation upon the subject. However that may have been, we do not feel authorized to extend the statute beyond the obvious meaning of its language; especially, when we find nothing in its provisions to lead us to suppose that the Legislature intended that it should be so extended.

*McLellan*, County Attorney.

*Allen*, for the defendant.