BETSEY R. HOWLAND & others *vs.* GEORGE F. HOWLAND & others.

A bequest of personal property to a minor, with a gift over of " said property or the remainder thereof" to others if he should die while under full age, gives the minor a right to possession, by his guardian, of the property, to his use without restraint.

A testator by one clause of his will gave his wife personal property. In a following clause he devised to her real estate for her life, and added: " But on her decease the remainder of all the property that I give to my said wife I give and devise to my son." *Held*, that the words " all the property " in the last clause applied only to the real estate.

BILL IN EQUITY filed September 11, 1867, by Betsey R. Howland, the widow, and Cynthia S. Howland and Charles W. Howland, both minors, two of the eight children of Daniel Howland, Jr., who died September 3, 1865 ; praying for a decree to compel the executor of the will of the deceased to pay or transfer to the plaintiffs respectively certain personal property therein bequeathed. The answer denied that by the terms of the will they were entitled to such payment or transfer. The case was heard on the bill and answer, and reserved for the determination of the full court. The material parts of the will are quoted in the opinion.

*O. Prescott*, for the plaintiffs, cited *Ide* v. *Ide*, 5 Mass. 500 ; *Merrill* v. *Emery*, 10 Pick. 507 ; *Burbank* v. *Whitney*, 24 Pick. 146 *Fiske* v. *Cobb*, 6 Gray, 144 ; *Jackson* v. *Bull*, 10 Johns. 19 ; *Pinny* v. *Fancher*, 3 Bradf. 198 ; 2 Redfield on Wills, 603, 604, 633.

*J. C. Stone*, for the defendants.

CHAPMAN, C. J. The will of Daniel Howland, Jr., gives to his daughter Cynthia S. Howland certain shares of railroad stock and bridge stock, and provides : " Should my said daughter

Cynthia die before she is of age, I give and bequeath the said property given to her, or the remainder thereof, to my children and their heirs, to be equally divided between them." It also gives to his son Charles W. certain railroad stock, and certain real estate. On the decease of his wife, it gives him the remainder of all the property which it gives to her. It then provides that " should my son, the said Charles W., die before coming of age, I give, bequeath and devise all the property that I have given to him in this will, or the remainder thereof, to my children and their heirs, to be equally divided between them."

The authorities cited for the plaintiffs establish the right of these legatees to have the property transferred to them for their use without restraint. Of course it will be received for them by their guardian, they being minors. Whether the limitation over will be valid, in case they die before coming of age, and leaving any part of the property, is a point that does not arise.

The testator, in the eighth clause of the will, gives to his wife, Betsey R. Howland, " all of my personal property, not disposed of as above, after paying from the same my debts to the amount of four hundred dollars, should that amount of indebtedness be found against my estate. But should my just debts amount to more than four hundred dollars, it is my will that all above that amount should be paid equally from the whole of my estate."

The ninth clause in the will. devises to her certain real estate during her life, and the following words are added : " But on her decease the remainder of all the property that I give to my said wife I give and devise to my son Charles W. Howland." It is contended that the phrase " all the property " includes personal as well as real estate. But we are of opinion that it was intended to apply only to the real estate. This is not very material, however, because she is entitled to take the personal property and use it without restraint, on the same ground that the minor heirs take and use what is bequeathed to them.

As it is alleged that the debts exceed the sum of four hundred dollars, and amount to twelve hundred and eighteen dollars, the

case must be sent to a master to ascertain the amount, and the amount of legacies which have been made by the will subject to contribution for the excess, unless the parties can agree upon these amounts. *Decree for the plaintiffs.*