## MARTZ, ADMINISTRATOR, *v.* SEDAM ET AL.

WILL.—*Construction of.*—*Devise by Husband, to Wife, for Life.*—*Residuary Legatee.*—*Children of Wife twice Married.*—*Conversion.*—*Claim.*—*Rem-*

*edy.*—A. married a widow, who had children by a previous marriage, and by whom he had two sons, B. and C. He subsequently died testate, leaving his said wife and sons surviving him. By his will, he directed his executor to sell personal property sufficient to pay his debts, etc., and devised the residue thereof, and his real estate, to his wife for life, giving her power to sell all of such personalty necessary to support her, if the rents of the realty should prove insufficient. At the death of his wife, the real estate and any residue of such personalty were to go to his sons equally and absolutely, subject to a certain specific devise to D. B. subsequently died intestate, leaving a wife and children. C. then died testate, leaving no widow or children, but devising his residuary interest in A.'s estate to D. D. afterward died intestate, leaving no husband or children. Subsequently, A.'s widow died intestate, leaving children or their descendants by each marriage, and leaving personal estate which, almost entirely, was the proceeds of the rents of such real estate.

*Held,* that the personal estate left by A.'s widow, on distribution by her administrator, descended to her children and their descendants generally.

*Held,* also, that if A.'s widow had unlawfully converted any part of the personalty devised to her by A., the remedy of the heirs, legatees or representatives of B. and C., was by a claim against her estate for damages.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.

*W. Garver, J. S. Losey* and *R. Graham,* for appellees.

NIBLACK, J.—The material facts of this case may be briefly stated as follows :

John King, many years since, intermarried with one Bethiah McCormick, who was at the time a widow, and was the mother of several children by her previous marriage. He had three children by the said Bethiah, two of whom, John King, Jr., and Cornelius King survived him.

In 1859, the said John King, being the owner of a farm and some personal property in Johnson county, where he then resided, executed and published his last will, disposing of his estate as follows :

" After my death, I direct that such amount only of my personal property be sold as shall pay all my liabilities, and be sufficient money over to purchase, and put over my grave, tomb-stones of the value of twenty-five dollars.

" If my wife, Bethiah King, shall outlive me, I bequeath to her, during her natural life, the use of all my remaining property, real and personal, with the right and power, if the profits will not afford her a comfortable subsistence, to dispose of so much of the personal property as shall be necessary for that purpose.

"After the death of my wife, or, if I shall outlive her, at my death, I direct that all my remaining property, of every kind, go to, and I hereby bequeath the same, in equal parts, to my two sons, John King and Cornelius King, upon the following terms and conditions, to wit, by the payment to Catharine McCormick, my wife's daughter, within one year after they shall become invested with the right to the property aforesaid, the sum of three hundred and fifty dollars, and to my daughter, Elizabeth Pinney, the time aforesaid, the sum of fifty dollars."

During the year 1860, the said John King died, leaving his said will in full force, which was afterward duly admitted to probate, and a personal estate valued at four hundred and seventy-eight dollars; also leaving the said Bethiah, as his widow, surviving him.

The executor sold, of this personal estate, property of the value of one hundred and fifty-eight dollars and twenty cents, for the proper execution of the will and for the ordinary purposes of administration on the estate, and the said Bethiah King went into the possession of the remainder of the testator's property, both real and personal, using the personal property as her own, and enjoying the use and occupation, as well as the rents and profits, of the farm, until the time of her death, which occurred about January, 1874.

In August, 1862, John King, Jr., the testator's son, died intestate, leaving Martha King, since intermarried with one Henry Sedam, now also deceased, as his widow, and John W. King and Fannie K. King, as his children, surviving him.

Later in the year 1862, Cornelius King died testate, and without issue, devising and bequeathing his property, both real and personal, in remainder after his mother's death, to Catharine McCormick, named as above in her step-father's will. After the death of Cornelius King, and before the death of her mother, the said Catharine McCormick also died intestate and without issue.

Bethiah King, at the time of her death, left surviving her three children, and some clusters of grandchildren, descendants of other deceased children, as the issue of her first marriage with one McCormick, and a personal estate upon which administration was granted to Isaac Martz, the appellant in this cause.

In January, 1877, the appellant filed, in the court below, his report for the final settlement of the estate of the said Bethiah King, showing that there had come into his hands, as her administrator, and as the proceeds of her personal estate, the gross sum of one thousand five hundred and sixteen dollars and fifty cents, and that there had been found remaining in his hands, as a surplus for final distribution, the sum of nine hundred and eighty-seven dollars and eight cents; also showing that he had made distribution of such surplus amongst all the surviving children, and several clusters of grandchildren of the said Bethiah King, the issue of both her marriages, and bringing into court receipts for the shares of each of such children and grandchildren, except for the share due the children of John King, Jr., which he brought into court for their use.

Due notice was given of the filing of this final report, and, at the succeeding February term, Martha Sedam, the late widow of John King, Jr., on her own behalf and as the guardian of the children of the said John King, Jr., and as the administratrix of the estate of the said Catharine McCormick, filed exceptions to said final report of the

appellant, alleging that the distribution which had been made of the surplus of the estate was erroneous, and that such surplus ought to go to her and to the children of John King, Jr., and the legatee of the said Cornelius King, under the will of their father quoted from and set out as above.

The issues arising upon such exceptions were tried by the court, and, after hearing the evidence, the court sustained the exceptions, and found that distribution of the surplus of the said estate of Bethiah King ought to be made to the widow and children of John King, Jr., and to the legatee of the said Cornelius King, under the will of their said father, John King, and not to the children and other descendants of the said Bethiah King generally, under the statute, and rendered final judgment accordingly.

Errors are assigned here upon the proceedings on the exceptions so filed by the appellee Martha Sedam.

There was evidence upon the trial tending to show that at the time of her intermarriage with her late husband, John King, the said Bethiah King was the owner, in her own right, of household property of the probable value of twenty-five or thirty dollars, which went into general use in the family; also that, at the time of her death, she had a few articles of personal property remaining in her possession, which probably came to her from the estate of her said late husband, but those articles were not described nor identified in detail, and had no value placed upon them by any witness.

Taken altogether, the evidence made it appear very clearly that the personal estate left by the said Bethiah King was mainly, if not entirely, acquired by her after the death of John King, her husband, from the rents, use, proceeds and her general management of the property, both real and personal, devised and bequeathed to her by the said John King's will, the farm renting generally for

as much as two hundred dollars a year; also that a very considerable portion of the personal property of which she went into possession under said will consisted of live-stock, wheat, corn, provisions on hand for family use, and other perishable property, and that the remainder of such personal estate was composed almost wholly, if not entirely, of household goods in daily use by the family of the testator, both before and after his death.

Considering the language used by the testator, John King, in his bequest of what might remain of his personal estate, in connection with the character of the property constituting such personal estate, we construe such bequest to have been practically a gift of the property bequeathed by it to Bethiah King. Certainly so, as to all such property as was disposed of by her in her lifetime, and we are unable to see upon what principle the estates, heirs or legatees of John King, Jr., and Cornelius King, or either of them, had any claim to the proceeds of such personal property so disposed of by her; much less to the entire personal estate of the said Bethiah King. 1 Jarman Wills, 4th Am. ed., 677, and notes; 2 Redfield Wills, 391, 392, 393 and notes; Perry Trusts, sec. 547.

If any of the personal property bequeathed to her during her life had been unlawfully converted to her own use by the said Bethiah King, her estate would only have been liable for the value of the property so converted, and in no event could the estates, heirs or legatees of John King, Jr., and Cornelius King, or either of them, have had any claim upon her estate for the profits arising from the use or the increase of such property under the will of John King, as above set forth.

In other words, the claims set up by the appellees in this case were in the nature of claims as creditors of the estate of Bethiah King, and not as distributees entitled to a share, or the entire surplus of her estate, upon final settlement.

The evidence showed that the surplus in the hands of the appellant for distribution belonged to the children, and descendants generally, of Bethiah King, and not to the appellee, and those she represents under the will of John King, Sr.

We are therefore of the opinion that the court erred in sustaining the appellees' exceptions to the appellant's final report.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.