SAMUEL B. QUIGLEY & another, executors, *vs.* ELECTA L. GRIDLEY & others.

Hampshire. Sept. 20, 1881. — Jan. 5, 1882. LORD & DEVENS, JJ., absent.

A testator gave all his personal property in equal proportions to his wife and his daughters L. and M., subject to the following conditions: If his wife should die before M., her share should revert to the survivors. In case of M.'s decease before her majority, her share should revert to the survivors. When only one of the persons mentioned should survive, the shares of the two others should be divided in the proportion of one third to the survivor, two parts of the remainder to his daughter A. and one part each to each of his grandchildren; with a proviso that during the lifetime of A. and his son C. the income of the shares devised to their children should be paid to them semiannually, in the proportions above specified, for their own sole use and disposal. The widow waived the provisions of the will. *Held,* that the intention of the testator could not be carried out without the appointment of a trustee.

BILL IN EQUITY by the executors of the will of Josiah A. Gridley to obtain the instructions of the court as to the construction of said will, which appointed the plaintiffs his executors and contained the following clauses:

" First. All my personal property of which I may die seised, of every description whatsoever, I give, devise and bequeath in equal proportions to my wife, Phila M. Gridley, and my daughters Electa L. Gridley and Eva M. Gridley, subject to the following conditions, viz.: If the mother should decease before Eva, her share shall revert to the survivors; and in case of Eva's decease before her majority, her share shall revert likewise to the survivors; and when only one of the persons herein mentioned and described shall survive, the shares of the two others shall be divided in the proportion of one third to the said survivor, and two parts of the remainder to my daughter Adeline F. Edwards; and one part each to each of my grandchildren; provided, however, that during the lifetime of said daughter Adeline and my son Charles P. Gridley the income of the shares devised to their children shall be paid to them semiannually, in the proportions above specified, for their own sole use and disposal.

" Second. The homestead upon which I reside, I give, devise and bequeath to my wife, Phila M. Gridley, and my daughters

Electa L. and Eva M. Gridley, subject to the following condi-
tions, viz.: In case either of the above-named persons should die
or should marry, the right, title and interest of the one so dying
or marrying shall revert to the two remaining alive or un-
married; and in case any two of them shall die or shall marry,
their right, title and interest shall revert to the sole use of the
survivor during her natural life, and at her decease shall be
equally divided among my grandchildren; provided, however,
that during the lifetime of my son Charles P. Gridley, and my
daughter Adeline F. Edwards, or either of them, they shall
enjoy the use or income thereof.

"Third. All my remaining real estate, other than the home-
stead before mentioned, wheresoever situated, I give, devise and
bequeath to my daughter Adeline F. Edwards and all my grand-
children surviving one year from the time of my decease, in the
proportion of two parts to my daughter Adeline, and one part
each to each of my grandchildren, upon the following conditions,
viz.: I direct my executors to sell the said real estate within six
years from the time of my decease, and invest the proceeds of
the sale thereof in some savings bank or banks in trust for the
use and benefit of the following named persons, to whom the
income shall be paid during their natural lives; — to my daugh-
ter Adeline F. Edwards, two parts for herself and one part for
each of her children, to be at her sole disposal, free from all
control of her present or any future husband, and to my son
Charles P. Gridley, the parts to which his children may be
entitled.

"And I request the Judge of Probate to appoint a suitable
person as trustee of the property herein devised and bequeathed
to my daughter Adeline F. Edwards, and my grandchildren,
who shall receive and pay over to the said Adeline F. Edwards
and Charles P. Gridley the income derived therefrom, in the
proportions I have named, semiannually. Until the real estate
herein devised for the use and benefit of Adeline F. Edwards
and my grandchildren shall be sold, I will and direct my execu-
tors to pay from my estate sixteen dollars semiannually in dry
goods or groceries, or both, to the order of my said daughter
Adeline F. Edwards. The grandchildren are not to have any
claim until the lands are sold as specified in this instrument."

At the hearing, before *Allen*, J., it appeared that the testator, who died on April 23, 1876, left a widow and the following children: Electa L. Gridley, Charles P. Gridley, Adeline F. Edwards and Eva M. Gridley, a minor, six grandchildren, four of whom were children of Mrs. Edwards, and two were children of Charles P. Gridley; that Mrs. Edwards and Charles P. Gridley had each another child, born since the testator's death; that the testator's widow, on August 1, 1876, duly waived the provisions of said will; and that the net proceeds of the personal estate in the hands of the executors for distribution amounted to $10,244.78.

The judge reserved the case for the determination of the full court.

*W. H. Clapp*, for Electa L. and Eva M. Gridley, contended that the personal estate should be paid over to Electa L. and to the guardian of Eva M., one half to each, without security being given therefor.

*C. Delano & J. C. Hammond*, for Charles P. Gridley and Adeline F. Edwards, contended that the personal estate should be held in trust to await the determination of the contingencies mentioned in the will.

ALLEN, J. The only question presented by this bill is, whether, under the first clause in the will, Electa L. and Eva M. Gridley are to have the possession of the shares bequeathed to them; and if so, whether with or without giving security for the protection of the contingent interests.

The widow having waived her rights under the will, the clause is to be construed as giving to Electa L. and Eva M. each one half of the personal property left to be disposed of by the will, with a limitation over of the share of the one who shall die before the other. The general rule is stated by Mr. Justice Thomas, in *Fiske* v. *Cobb*, 6 Gray, 144, as follows: " The doctrine is well settled, that if a legacy is given generally, but subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy at the end of the year from the testator's death. Security is required in such cases only when it is shown to the court that there is danger that the property will be wasted, secreted or removed by the first taker." See also *Homer* v. *Shelton*, 2 Met. 194;

*Howland* v. *Howland*, 100 Mass. 222; *Taggard* v. *Piper*, 118 Mass. 315.

The general question is, whether the intentions of the testator as to the disposition of his estate, as manifested in his will, indicate that the property shall be held by a trustee under the authority of the court, or shall be put into the hands of the legatees, with or without security. By the clause in question, the whole personal property is given to the wife and two daughters, Electa L. and Eva M., with limitations over, when only one of the three shall survive, of the shares of the two deceased. It is provided, in disposing of the property before the survival of the last, that if Mrs. Gridley shall die before Eva her share shall go to the survivors; and that if Eva shall die before her majority her share shall go to the survivors; but there is no special provision in case Eva shall die first after her majority, nor in case Electa L. shall die first. In either event the interest of the deceased in her share would continue after her death until there should be a sole survivor. For instance, if Electa L. should decease first, there is no disposition of her share, other than the gift to her, until the death of another of the three, and then it would become subject, with the share of the other deceased, to the limitations over. When personal property is given to one, and, in the event of his dying without issue, to another, although the income is all that the first taker is entitled to, and the principal is affected with a trust in favor of the contingent interest, it may well be presumed that the testator intended that the trust should be exercised by the first taker without accounting to the court, so long as he faithfully executes it. But under the provisions we are considering, the limitations over will not necessarily nor probably take effect on the death of the first taker, but her interest may be divided among her distributees or legatees, until the event, which as to them will not be contingent, shall happen. Each distributee will take a separate share, and, if they have the possession, the principal will be divided into as many trust estates as there may be distributees. This cannot be presumed to have been intended by the testator. It is true that this cannot now occur, the action of the widow having reduced the first takers to two in number, and perhaps the inferences to be drawn from this consideration as to the

intent of the testator might be disregarded if it appeared that, in the actual state of facts, his general intent could be carried out by giving the possession of the property to the first takers.

But there are other considerations arising from the future interests. The testator had two children besides those already mentioned, both married and having children, Adeline F. Edwards and Charles P. Gridley. Electa L. and Eva M. being now the only immediate legatees, the limitations over are that upon the death of either of them her share " shall be divided in the proportion of one third to the survivor, and two parts of the remainder to my daughter Adeline F. Edwards, and one part each to each of my grandchildren ; provided, however, that during the lifetime of my said daughter Adeline and my son Charles P. Gridley the income of the shares devised to their children shall be paid to them semiannually, in the proportions above specified, for their sole use and disposal." This gives to the two children of the testator named, and to his grandchildren, a definite interest in a certain proportion of the estate in question. Out of which share that interest shall be taken is uncertain until the happening of a certain event; but the intention, and the provision that one third of the whole shall go to them, is certain. In this respect this case differs from any to which we have been referred.

This provision gives to Mrs. Edwards and Charles P. Gridley the income during their lives of the principal which is given to their children. The income is to be paid to them semiannually, and therefore the principal is to be held in trust by some one. The testator could not have intended, and it would not carry out his intention to hold, that the grandchildren should have the possession of the principal, and each one pay over the income of his share to his parent. This intent that his two children shall have the benefit of this portion of his estate during their lives, the remainder in which shall belong to their children, can be carried out only by the intervention of a trustee to preserve and manage the property, and pay over the income.

The consideration, that the possession of the property by the immediate legatees will not carry out effectually the dispositions made of it by the testator ; that in events plainly contemplated by him, and which will probably happen, a trustee will

be necessary after the happening of the contingency; and in events contemplated by the will, but which cannot now happen, a trustee as to one of the shares would have become necessary before the happening of the contingency, — are sufficient to require that a trustee should be appointed to hold the shares of Electa L. and Eva M., and that until a trustee is appointed the executors should hold them in trust.

The provision for the appointment of a trustee in the third clause of the will refers only to the property devised in that clause, and does not affect the question we have been considering.　　　　　　　　　　　　　　　　*Decree accordingly.*