FREDERICK PARKS' ADMR. *v.* AMERICAN HOME MISSIONARY SOCIETY ET AL.

*When life estate will be enlarged by subsequent words of bequest into a fee.    The life estate in this case construed.*

1. A bequest in the following language, "I give, devise and bequeath the use of all my estate of every kind to my wife, Elvira D. Parks, for and during her natural life, and so much of the principal as she may see fit to use for her necessary and comfortable support, and for charitable and benevolent purposes, and contributions for worthy objects, in her own discretion, without limitation or restriction on my part, believing that she will exercise prudence and good discretion," creates in the wife a life estate, not a fee.

2. Under it, however, she has the right to possess and manage the estate herself during her lifetime, and the court will not appoint a trustee for that purpose, no special reason thereto being shown.

3. She takes the income absolutely, and she may use of the principal for her necessary and comfortable support, having regard to her circumstances and station in life, if the income is not sufficient.

4. But she cannot give away the principal to her friends or relatives; and the assignment of certain shares of stock to a member of her family in consideration of past kindness was declared void.

Bill by his administrator for the construction of the will of Frederick Parks, and to determine what right, if any, the defendant, Hermon W. Harlow, had acquired in two hundred and seventy shares of the capital stock of the Parks & Woolson Machine Co., by virtue of an assignment of the same from the defendant, Elvira D. Parks, the said stock having been a part of the estate of the testator. Heard at the February Term, 1889, Windsor County, upon bill and answers. POWERS, Chancellor, dismissed the bill *pro forma*. The orator appeals.

*L. M. Reed*, for defendant, Elvira D. Parks.

Under the devise the widow is entitled to the possession and management of the entire estate. *Sherman, Admr. v. Est. of Dodge*, 28 Vt. 216; *Gorham v. Daniels*, 23 Vt. 600; 2 Jar_

Parks' Admr. *v.* American Home Missionary Society et al.

Wills, 53; *Chaplin* v. *Doty*, 60 Vt. 712; *in re* Otto, 34 Minn. 173; *Post* v. *Van Horton*, (N. J.) 3 Cent. Rep. 345; 72 Me. 206; 2 Wms. Ex. 1396; 2 Jar. Wills, 404, 403; 3 Jar. Wills, 31 *et seq.* and note 5; *Stone* v. *Nash*, 41 Me. 365; *Martz* v. *Sedham*, 67 Ind. 216; 3 Redf. Wills, 76, 77, 133.

It is further insisted that by the terms of the will Mrs. Parks has an unlimited power of disposal of the estate itself, and that, therefore, she takes the estate in fee. *Stowell* v. *Hastings*, 59 Vt. 494; *Bradford* v. *Street*, 16 Ves. 135; *Wilson* v. *Major*, 11 Ves. 205; *Irwin* v. *Farrar*, 19 Ves. 86; *Harderson* v. *Cross*, 29 Beav. 216; *Cook* v. *Farrand*, 7 Taunt. 122; *Darre* v. *Richardson*, 10 Yerg. 290; *Morris* v. *Phalon*, 1 Watts; *Church* v. *Desbrow*, 52 Penn. 219; *Folweiller's Appeal*, 102 Penn. St. 581; *Bean et al.* v. *Myers et al.*, 1 Cold. 226; *Kendall* v. *Kendall*, 36 N. J. Eq. 91; *in re* Will of Burbank, 60 Ia. 378; *Hazel* v. *Nagan*, 47 Mo. 277; *Bolman* v. *Lohman*, 79 Ala. 63.

The residuary legatees had an interest subject to be entirely devested by the execution of the power conferred on Mrs. Parks. *Grosvenor* v. *Bowen* (R. I.), 4 N. E. Rep. 760; *Surman* v. *Surman*, 5 Mad. 123; *Crozier et al.* v. *Hoyt*, 97 Ill. 23; *Hall* v. *Preble*, 68 Me. 100; *Downing, Exr.* v. *Johnson*, 5 Cold. 229; *Herring* v. *Barron*, 13 Ch. Div. 144; *Pierce* v. *Stidworthy* (Me.), 4 N. E. Rep. 498; *Welch* v. *Woodbury*, 144 Mass. 542; *Bramford et al.* v. *Bramford et al.*, 123 Mass. 280; *Gibbons* v. *Shepard et al.*, 125 Mass. 541.

No trust was created in her or in the executor for their benefit. *Minot* v. *Prescott*, 14 Mass. 496; *Stevens* v. *Winship*, 1 Pick. 318; *Larned* v. *Bridge*, 17 Pick. 339; *Harris* v. *Knapp*, 21 Pick. 412; *Dodge* v. *Moore*, 100 Mass. 335; *Whitcomb* v. *Taylor*, 122 Mass. 243; *Gibbons* v. *Shepard et al.*, 125 Mass. 541.

In executing this power, Mrs. Parks may act "in her own discretion, without limitation or restriction," and is not subject to the control of the court. Perry, Tr., ss. 248 and note, 507, 508, 510, 511 and cases cited, 252, 253; Hill, Tr., ss. 66, 67, 70, 485,

488 and notes; 3 Redf. Wills, 468, 469 ; *Sharon* v. *Simons,* 30 Vt. 458 ; *Crozier et al.* v. *Hoyt,* 97 Ill. 23 ; *Hall* v. *Preble,* 68 Me. 100 ; *New* v. *Potts,* 55 Ga. 420 ; *Krause* v. *Klucken,* 135 Mass. 482 ; *Scott* v. *Josselyn,* 26 Beav. ; *Surman* v. *Surman,* 5 Mad. 123 ; *Cook* v. *Farrand,* 7 Taunt. 122 ; *Downing, Exr.* v. *Johnson et al.,* 5 Cold. 229.

The gift to Harlow was, under the circumstances, for a worthy object, and falls within that clause in the power.

*A. M. Allbee* and *W. E. Johnson,* for the defendant missionary societies.

In construing a will the whole instrument must be considered together. *Hibbard* v. *Hurlburt,* 10 Vt. 177 ; *Richardson* v. *Paige,* 54 Vt. 378 ; *McCloskey* v. *Gleason,* 56 Vt. 266 ; *Stowell* v. *Hastings,* 59 Vt. 188 ; *Randall* v. *Josselyn,* 59 Vt. 557.

Where there is a gift, with an unlimited power of disposal, the devisee takes the fee, and any devise over is void for repugnancy. Where it clearly appears that the devise is for life only, or that the power of disposition can be exercised only on certain conditions, then the gift will not be enlarged into a fee. *Edwards* v. *Gills,* 39 Miss. 166 ; Sch. Wills, s. 559 ; *Stowell* v. *Hastings,* 59 Vt. 494 ; 64 N. Y. 275 ; *Ramsdell* v. *Ramsdell,* 21 Me. 295.

The language of this bequest is clear that the estate is to be held for life only, and the power of disposal is not absolute, but only for certain specified purposes.

It is, in effect, a gift to the wife, in trust. The estate should remain in the hands of the administrator until her death, to be then distributed according to the terms of the will. *Bristol* v. *Bristol* (Conn.), 2 N. E. Rep. 762.

The assignment of the stock to Harlow is void unless the court holds that Mrs. Parks takes an absolute title to the property.

The opinion of the court was delivered by

ROYCE, Ch. J. This is a bill brought to obtain a construction of the will of Frederick Parks, and particularly the clause of devise and bequest to the widow of the testator, Elvira D. Parks.

The language of this clause is as follows : "I give, devise and bequeath the use of all my estate of every kind to my wife, Elvira D. Parks, for and during her natural life, and so much of the principal as she may see fit to use for her necessary and comfortable support, and for charitable and benevolent purposes, and contributions for worthy objects, in her own discretion, without limitation or restriction on my part, believing that she will exercise prudence and good discretion."

The first question for our consideration under this clause would seem to be as to the nature of the estate thereby created in the wife ; whether full effect can be given to the manifest intent of the testator to create in her a life estate with a limited power of disposition, or whether it must be said that the power of disposition is given in such general and unrestricted terms as to create an irreconcilable repugnancy and compel the courts to enlarge the life estate into a fee and hold any remainders over void, as was the case in *Stowell* v. *Hastings*, 59 Vt. 494. But we find no such difficulty here. A double line of distinction on this point seems to run through all the cases cited by the learned counsel, and which is well recognized and expressed in the recent case of *Logue* v. *Bateman*, (N. J.), 9 Cent. Rep. 485, and is clearly suggested in *Stowell* v. *Hastings, supra*. The rule may be put into this form : Where an estate for life is expressly given, and the power of disposition superadded to it, however unrestricted in terms, it will not enlarge such estate into a fee ; or when, though an estate for life be not expressly given, yet such language is used as, in the absence of other and qualifying provisions, would have the effect to create a life estate, then a power of disposition superadded to it will not have the effect to enlarge what otherwise would have been an estate for life merely into a fee, unless such power of disposition is unrestricted in its terms or unlimited in its legal effect. Now, applying the above rule here, we see at once that both the reasons suggested for carrying into effect the intent of the testator exist. The estate in the widow is expressed to be "for and during her natural life," and the power of disposition is limited to designated objects ; and in both these particulars this will differs from the one under construction in *Stowell* v. *Hastings*

The widow is given the "use" of the estate for life, and by such expression it was evidently the intention of the testator that she should have the beneficial enjoyment, should receive the rents, profits and income of all the property, both realty and personalty; that as to the first, she should be tenant for life, with all the legal rights and duties pertaining to that tenure, and as to the second, should have the right to appropriate and enjoy its income and earnings. And that such was his intent is rendered still more clear by the provisions immediately following this, relating to the disposition of the principal. But the question is put to us, in this connection, whether such right to the income and earnings of the personal estate carries with it a right in the widow to retain and control the *corpus* of the property, the principal itself. Of course it would not do so, if the testator had created a trust and appointed a trustee for that purpose; but this he did not choose to do, and the executor, merely by virtue of his office, or an administrator with the will annexed, has no authority to act as such trustee. So that the question is, whether the exigencies of the case are such as to devolve upon the court the duty of doing for the testator what he did not see fit to do for himself, and to declare such trust and appoint a trustee. We do not think they are. To the point that where a legatee takes a life interest in personal property he is, in the absence of contrary provision, or threatened danger, or except in cases of extreme unfitness, entitled to its custody and control, see *Howland* v. *Howland,* 100 Mass. 222; *in re* Otto, 34 Minn, 173; *Post* v. *Van Horton,* (N. J.), 3 Cent. Rep. 345; *Copeland, Exr.* v. *Barron,* 72 Me. 206; *Stone* v. *Nash,* 41 Me. 365; *Martz* v. *Sedam,* 67 Ind. 216; also, *Pierce* v. *Stidworthy* (Me.), 4 N. E. Rep. 498, where, under circumstances very similar to those here, the court say, *inter alia,* "The will giving the widow the use and income of the fund during her life, with the right to apply to her use, if needed, any part of the principal, making her the sole judge of the need of so doing, we are of opinion that she is entitled to the possession and management of it." The case at bar does not present any features such as would bring it within the exceptions to this rule above

specified ; the rule itself seems to us both sensible and sound in principle, and has, moreover, so far as we can discover, been uniformly adhered to wherever invoked.   We are therefore satisfied to accept it, in the absence of any precedent to the point in this State, for our guidance in the disposition of this case.   We pass on to the latter part of the clause in the will above quoted, the one containing and defining the widow's power of disposition over the principal of the estate.

She may use so much of the principal as she sees fit to for her necessary and comfortable support, and for charitable and benevolent purposes, and contributions for worthy objects, in her own discretion.   She is given unlimited discretion within the limits designated.   So long as she devotes it to any purpose contributing to her necessary and comfortable support, she is to be her own judge as to the fitness of the particular object to which she devotes it ; and so in regard to charitable and benevolent or other worthy objects.   But she must not transcend these bounds.   If she proposes to devote any part of the principal to support, it must be "necessary and comfortable support," and that with view to all her circumstances, station in life, etc.; and it is manifest that so long as the income, which is hers absolutely, suffices for this purpose, the necessity contemplated by the testator will not have arisen.   It is impossible for us to construe this provision with greater definiteness until a case arises under it by reason of some attempted application of the fund.

No application of the fund, or any portion thereof, has as yet been made by Mrs. Parks under the provision which we have just been considering; but she has attempted an application which it is claimed comes under the provision immediately following, defining her power of disposition to charitable and benevolent purposes and contributions for worthy objects.   This attempted application is in the form of an assignment of 270 shares in the capital stock of the Parks & Woolson Machine Co. of Springfield to Hermon W. Harlow, and is expressed to be in recognition of kindnesses and in testimony of affection and regard. It is not claimed to be in payment of any legal indebtedness, and

the question is, whether such a gift can be brought under the widow's discretionary power of disposition. We do not understand that it is seriously urged that this can be classed under "charitable and benevolent purposes," for it is not claimed that the recipient was in need of charity, or that the gift was intended by way of alms, and "benevolent" is a word of much the same general import and meaning as "charitable," benevolence having for its object the general good of mankind, and not comprehending in its common acceptation a gift bestowed for purely private and personal reasons. See Webster's definition. But it is contended that, be that as it may, this gift is certainly for a "worthy object," or at least one deemed by Mrs. Parks to be so, and that she is made the sole judge of its worthiness.

We do not undertake to say that the object is an unworthy one, nor shall we notice the insinuations of one of the answers as to any undue influence or control having been exercised over Mrs. Parks by Harlow or his wife, for there is nothing in support of them; but the question for us to decide is, simply, whether this particular gift comes within the meaning and intent of the testator, and so within the limits of the widow's discretionary power of disposition. And it is plain to us that, in seeking for such meaning we must, first of all, apply the maxim, *noscitur a sociis;* we must seek the meaning from the context and by the light of what precedes or follows. The testator has specified with some degree of definiteness a class of objects to which the widow may, in her discretion, contribute from the principal of the estate, viz., charitable and benevolent purposes. Then follows the more generic and vague expression, "worthy objects." But has he not substantially told us what he means by "worthy objects?" Are they not objects in their general nature charitable and benevolent? Are we authorized, simply because a general term has been used, after a particular has been specified under it, to include in the classification an object of quite a different character from the character of the class specified? It was the desire of the testator that his wife should have after his death the power to continue her donations and contributions to benevolent and charitable and other like

worthy objects; and if the income of the estate, which was to be hers absolutely, should not prove sufficient to enable her to do so, then he gave her a discretionary power to draw on the principal for that purpose. But is there any language to indicate that he intended she should have the power to draw upon the fund for the purpose of making gifts of a purely private nature in reward for personal kindnesses, because forsooth she might deem this a " worthy object ?"   We think not, and shall read this clause as though there were interpolated in it what we have no doubt. was in the testator's mind, the words *other like* before "worthy."

But what makes it still more clear that the construction we have given to this language is the one intended in the use of the word " contribution ;" and indeed, to our mind, as soon as that word is correctly defined, there is an end of the contention on this point.   A contribution, then, is " the act of giving to a common stock, or in common with others, that which is given to a common stock or purpose," etc.   Webster's Dict.   It will be seen how far these definitions come from including the gift to Harlow here in question; so that, however " worthy " the object may have been, and even though it might, under conceivable circumstances, have been brought within the meaning and intent of the testator, yet, such a gift, made under the circumstances shown here, was certainly not a " contribution."

The result is, that we hold this assignment to have been made in excess of the powers of the assignor, and therefore invalid, and that the stock so attempted to be assigned by Elvira D. Parks to Hermon W. Harlow remains the property of the estate of Frederick Parks, subject to the right of Elvira D. Parks to the income of the same, and to her right of disposition of the same within the terms of the will of Frederick Parks.

The costs of this suit, together with the counsel fees, to be taxed by the court and allowed by the court, to be paid by the administrator, one-half out of the funds in his hands belonging to Elvira D. Parks, and the other half out of the funds of the estate.

*The decree of the Court of Chancery dismissing the bill is reversed and cause remanded with a mandate in accordance with the views here expressed.*