WILLIAM D. TURNER & another vs. FIRST CONGREGATIONAL
SOCIETY OF NORTH BROOKFIELD.

Suffolk.    October 16, 1918. — December 11, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.    Trust*, Appointment of trustees.

A codicil to the will of a testator contained the following provisions: "Wishing
that my old home . . . situated on Main Street in the town of North Brook-
field may be used for some charitable purpose.  Therefore my trustees will,
upon the decease of both my wife A G P, and my daughter E J B, convey
and transfer the said premises in trust to the First Congregational Church of
the aforesaid town and I hereby request the said church to appoint an agent
or committee to have the care and custody of the said property, keep the same
insured and in good repair at all times and provide the necessary coal and
wood to those persons occupying the same.  The said premises to be occupied
rent free by such needy and elderly protestant women as the said committee
may approve, not to exceed four at any time.  And furthermore I give and
bequeath to the aforesaid Church the sum of five thousand dollars in trust
the same to be safely invested in the name of the said church and the net in-
come thereof to be expended in the payment of the necessary charges in carry-
ing on the above work, . . ."  The residue of the testator's estate was given,
one half to a religious mission society, and the other half one third to his wife,
one third to his daughter and the remaining one third to his four grandchil-
dren.  The will and codicil showed an intention to vest the title in the home-
stead property above described in the trustees under the will but contained
no express provision in regard to the beneficial use of the homestead prop-
erty during the lives of the testator's wife and daughter and the right to such
use *pur autre vie* accordingly vested in the residuary devisees.  Upon a petition,
filed after the death of the testator's widow and while his daughter was living,
for the appointment of the trustees, already appointed under the other trusts
of the will, also as trustees to hold and maintain the homestead property
above described during the life of the testator's daughter and upon her death
to convey it as above directed, it was *held* that the legal title in the home-
stead property during the life of the testator's daughter did not vest in the
residuary devisees, and that the court had authority to appoint the trustees
for the purposes set forth in the petition.

APPEAL from a decree of the Probate Court for the county of
Suffolk appointing William D. Turner and William W. Towle
trustees under the will of Whipple N. Potter, late of Boston,
and the codicil thereto, to hold certain real estate in North
Brookfield described in the opinion for the purposes there named.

The case was heard by *Pierce*, J., who made a memorandum

of decision, containing the facts which are stated in the opinion. The respondent asked the single justice to rule that, "Under the terms of the will and codicil of Whipple N. Potter, there is no authority to appoint trustees as prayed for in the petition." The justice refused to make this ruling and ordered that a decree be entered affirming the decree appealed from and remitting the case to the Probate Court. Later by order of the single justice a final decree was entered in accordance with this decision; and the respondent appealed.

*R. B. Dodge,* for the respondent.

*H. S. Davis,* for the petitioners.

DE COURCY, J. This is a petition, filed in the Probate Court, praying for the appointment of trustees of certain real estate in North Brookfield which belonged to Whipple N. Potter, the testator, at the time of his death. The Probate Court made a decree appointing the petitioners trustees; and on appeal a single justice of this court affirmed the decree. The respondent appealed from this decision, contending that "under the terms of the will and codicil of Whipple N. Potter, there is no authority to appoint trustees as prayed for in the petition."

The real estate in question was the former home of the testator. It has an appraised value of $1,800 and consists of one quarter acre of land with a dwelling house thereon. The will, in article 5, established a trust fund of $50,000, which, after the death of the testator's wife and daughter, was to be held by a corporation to be known as the "Whipple N. Potter Home" for the care of aged protestant people of the town. The article then proceeded: "I suggest that the sum of ten thousand dollars thereof be used for the purposes of a building which it is my wish shall be erected on my real estate on Main Street, in North Brookfield known as the 'Potter Place' and that the remainder of what may then constitute this fund be set apart and the income thereof used for the general purposes of the home."

The codicil revoked said article 5, and contained the following provision material to the present case:

"Article 2nd. Wishing that my old home the Whipple N. Potter Home (so called) situated on Main Street in the Town of North Brookfield may be used for some charitable purpose. Therefore my trustees will, upon the decease of both my wife

Angeline G. Potter, and my daughter Emma J. Brownson, convey and transfer the said premises in trust to the First Congregational Church of the aforesaid town and I hereby request the said church to appoint an agent or committee to have the care and custody of the said property, keep the same insured and in good repair at all times and provide the necessary coal and wood to those persons occupying the same.

"The said premises to be occupied rent free by such needy and elderly protestant women as the said committee may approve, not to exceed four at any time.

"And furthermore I give and bequeath to the aforesaid Church the sum of five thousand dollars in trust the same to be safely invested in the name of the said church and the net income thereof to be expended in the payment of the necessary charges in carrying on the above work, and should any unforeseen circumstances arise in which the said income should be insufficient I hereby authorize the trustees aforesaid to pay such sum of money as may be necessary to make up the deficit not to exceed one hundred dollars in any one year."

By the fifteenth article of the codicil the residue of the estate was given, one half to the Massachusetts Home Mission Society, one sixth to the testator's wife, one sixth to his daughter and one sixth to his four grandchildren. The testator died in 1908. Angeline G. Potter and Charlie A. Jones, named in the codicil as sole executors and trustees, were appointed executors but both died soon after. The daughter, Emma J. Brownson, is still living. In 1910 the present petitioners were appointed administrators *de bonis non* with the will annexed; and on a bill for instructions filed by them it was decreed, among other things, that the fund of $5,000 provided for in article 2 of the codicil is not to be paid over until the death of Emma J. Brownson. No trustees have ever been appointed to succeed those named in the will and codicil; except that in 1910 four separate petitions were filed in the Probate Court for the appointment of William D. Turner and Arthur Perry as trustees of the property given in trust for the use and benefit respectively "of Angeline G. Potter and others, under the fourth clause of the said will," "of Angeline G. Potter and others under the fifth clause of said will," "of Emma J. Brownson and others, under the sixth clause of

said will" and "of Benjamin F. Spillman and others under article fourth of the codicil to said will." Each of these petitions was allowed by a decree following the language of the petition.

The tenor of the will and codicil indicate clearly that the testator intended to set apart his old homestead as a home for aged people. He excepted it from the general power of sale which he gave to his executors in article 27 of his will; and apparently assumed that it constituted a part of the property held in trust under article 5. In article 2 of the codicil the dedication of the homestead to this charitable purpose is explicit; but the testator omitted, intentionally or otherwise, to make a specific disposition of the beneficial interest during the lives of his wife and daughter. The effect of the codicil is tò vest in the residuary devisees the equitable estate *pur autre vie* during the lives of Mrs. Potter and Mrs. Brownson. But the testator has not manifested an intention that the residuary devisees, — four of whom were minors, holding only small fractional interests, — as tenants in common should have the legal title of and responsibility for this unproductive property during the life tenancy. On the contrary he expressly provided that the conveyance of the homestead to this respondent should be made by his "trustees." And in article 18 of the codicil he named Angeline G. Potter and Charlie A. Jones as "sole Executors and Trustees of both my said will and this codicil thereto." In our opinion the intention of the testator, as manifested in his will and codicil, was to have the homestead property held by trustees during the life tenancy as well as afterwards. *Quigley* v. *Gridley,* 132 Mass. 35. *Robinson* v. *Cogswell,* 192 Mass. 79.

After the death of the persons named in the will as trustees, William D. Turner and Arthur Perry were appointed. If the appointment had been a general one as trustees under the will and codicil, the legal title to the homestead would have vested in them, with the express power to convey as "my trustees." But as, for some reason not apparent, their appointments were restricted to certain specified funds, (*Carruth* v. *Carruth,* 148 Mass. 431,) there is a vacancy in the office of trustees of the homestead property. No question is before us as to the necessity of appointing trustees at this time to protect the property so long as Mrs. Brownson lives; and the suitability of the peti-

tioners is unchallenged. We are of opinion that the single justice rightly decided that the court had authority to appoint trustees as prayed for in the petition.

*Decree affirmed.*