CALVIN STOWELL v. WILLIAM HASTINGS, EX'R OF JOSEPH STOWELL'S WILL.*

*Will, Construction of. Repugnancy. Decree of Probate Court, Effect of.*

1. The will, after disposing of a part of the estate, gave to the testator's wife the residue "for her benefit and support, to use and dispose of as she may think proper," and then provided that if any of the estate should be left in her possession at her death it should be equally divided between the brothers and sisters of the testator; *Held*, that the wife took an absolute estate, and that the remainder over was void for repugnancy.

2. The decree of the Probate Court, unappealed from, ordering the executor to pay the balance to the residuary legatee, "in accordance with the will," did not settle the question whether she had an absolute estate, or one for life.

APPEAL from a decree of the Probate Court, allowing the account of William Hastings, executor of Joseph Stowell's will. Heard on a commissioner's report, March Term, 1885, WALKER, J., presiding. Judgment affirming the decree of the Probate Court, which allowed the executor's account.

It appeared from the report that the defendant Hastings was appointed executor, administered upon the estate, and on the 2d day of October, 1872, on due notice, settled his account in the Probate Court; that at said time the court ordered him to pay to Ella J. Cheney, the testator's granddaughter, now Mrs. Robinson, the sum of $3,000, and the balance of the estate to "the widow of said deceased in accordance with said will"; that he paid the $3,000 legacy, and on November 16, 1872, he paid to the widow the remainder of the estate, taking her receipt therefor, which property consisted of money, bonds,

* Heard, February Term, 1886.

Stowell *v.* Hastings.

notes, etc. Mrs. Stowell, the widow, died in July, 1883. The defendant Hastings was her brother. He was employed by her to transact her business, and had about $4,000 in money and bonds belonging to her, derived from her husband's estate, in his possession. Just before her death she directed him to deposit in some bank $400 for Fanny Spaulding, a niece of her husband, and $150 for one of his brothers, and to deliver the rest of her property—$3,500 in bonds—to Mrs. Robinson. The defendant deposited the $550, and delivered the bonds, as requested, but in his accounting did not credit the estate with those sums. The plaintiff claimed that Mrs. Stowell, by her husband's will, did not have the right of disposal of said property; and whether she could so dispose of it was the principal matter in controversy. The clause of the will in contention is stated in the opinion of the court. The estate amounted to $8,814.90. The testator's heirs were his wife and granddaughter.

*A. E. Cudworth* and *Martin & Eddy*, for the plaintiff.

The widow took only a life estate. The testator did not devise the residue to her absolutely whereby *she* could dispose of it, for *he* provided that what was left at her death should be divided between his brothers, etc. *McCloskey* v. *Gleason*, 56 Vt. 264; *Richardson* v. *Paige*, 54 Vt. 373; *Smith* v. *Bell*, 6 Pet. 68; *Hixon* v. *Oliver*, 13 Ves. 111; *Davis* v. *Swan*, 4 Mass. 208; *Parsons* v. *Winslow*, 6 Mass. 169, 175; *Hibbard* v. *Hurlburt*, 10 Vt. 178; 3 De G. & S. 411; *Henderson* v. *Blackburn*, 104 Ill. 227; *Upwell* v. *Halsey*, 1 P. Wms. 651. The widow could use the money in any way beneficial to her support; but she could not be benefitted, nor her support assured, by giving it to a relative, at the point of death.

*E. L. Waterman* and *C. B. Eddy*, for the defendant.

The decree of the Probate Court is conclusive as to all parties interested, and protects the executor in obeying it. *Stone* v. *Griffin*, 3 Vt. 400; *Probate Court* v. *Merriam*, 8 Vt. 234;

*Lenehan* v. *Spaulding*, 57 Vt. 115; *Boyden* v. *Ward*, 38 Vt. 628; *Richardson* v. *Merrill*, 32 Vt. 27; *Stone* v. *Peasley*, 28 Vt. 716; *Lawrence* v. *Englesby*, 24 Vt. 42. The effect of the decree was to vest the property in Mrs. Stowell, and the executor's control and liability for it ceased. *Rix* v. *Smith*, 8 Vt. 365; *Grice* v. *Randall*, 23 Vt. 239. The gift to the wife was absolute, with an unlimited right of disposal. 1 Redf. Wills, 432; *Parsons* v. *Winslow*, 6 Mass. 169, 175; *Malcolm* v. *Malcolm*, 3 Cush. 472; 4 Mass. 208; Jar. Wills, 762. The plaintiff's construction practically disinherits the heir, which is never allowed, unless the intent is very clearly expressed. *Areson* v. *Areson*, 3 Denio, 458.

The opinion of the court was delivered by

TAFT, J. The important question in this case is, whether Mrs. Stowell took an absolute estate in the property which passed to her under the residuary clause in her husband's will. It reads as follows:

" I give to my beloved wife, Hepsibah H. Stowell, the residue and remainder of all my estate, both real and personal, for her benefit and support, to use and dispose of as she may think proper. If any of the estate should be left in my wife's possession at her death, it is my will that the same should be equally divided between eight of my brothers and sisters," etc.

The decree of the Probate Court in 1872 settled no question involved in this case.

The testator gives his wife the residue of his estate for her benefit and support, with an absolute power of disposition; no conditions annexed to the gift, no words limiting the use of the property; and giving the words used their usual signification, she is put in the place of the testator as to the title and all rights to the property.

If an estate be given to a person generally or indefinitely, with an absolute power of disposition, it carries a fee and a remainder over is void for repugnancy. 1 Eq. Cases Abr. 176; 4 Kent Comm. (2d ed.) 535; *Smith* v. *Van Ostrand*,

64 N. Y. 278; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Seibert* v. *Wise*, 70 Pa. St. 147; *Ramsdell* v. *Ramsdell*, 21 Me. 288.

" In general, however, a limitation over after a fee is held to be repugnant to the estate first granted, and is itself rejected." 2 Jar. on Wills, 44, n. 1. " It is a settled rule of American as well as English law." 2 Red. Law of Wills, 278.

Where the *jus disponendi* is conditional, as in those cases where the property is given for support only, with power over the principal for that purpose, or the estate given the first taker is one for life only, a different rule may prevail and the gift in remainder be valid, for, in such cases, no absolute estate is given the first taker. In determining what estate is given the first taker, the whole will should be considered, and all the clauses construed together. Even in those cases where an absolute estate is in terms given, if subsequent passages unequivocally show that the testator meant the legatee to take a life interest only, the prior gift is restricted accordingly. Jarman on Wills, chap. 15. Such are the cases in this State of *Richardson* v. *Paige*, 54 Vt. 373; *McCloskey* v. *Gleason*, 56 Vt. 264; and such construction was given the will in *Smith* v. *Bell*, 6 Pet. 68.

If we could construe the will in question as giving the residue to Mrs. Stowell for her support only, which is the construction the appellants insist should be given it, their claim might be upheld. It was given for her support, but not for that alone. It was for her *benefit*, and using the synonymes of the word, it was for her *advantage*, her *profit*, her *gain*, her *account*, her *interest*. The word benefit and its synonymes mean more than simply support; they mean any purpose to which the absolute owner of property can devote it; and given for that purpose, they mean that Mrs. Stowell had unlimited power to dispose of it at her pleasure. If we held that Mrs. Stowell had no right to dispose of the estate, save only for her support, we think it would be clear violation of the intention of her husband, and a substitution of the will of the court for that of the testator. A will should be construed as a whole,

and effect given to each and every part of it if possible; but it must be conceded that the two intents of the testator, as expressed in repugnant provisions, cannot both be carried out. There is a gift to the first taker and another in remainder. The clauses should be construed together, and effect given to both, if consistent with the rules of law. Where it is clear, considering the language used, that the testator intended a life estate in the first taker, or a use of the bequest for support only, or any other limited purpose, there is no difficulty in carrying out the full intent of the testator by giving force, after the first estate is ended, to the clause creating the estate in remainder; but where it is clear, judging from both clauses, that by the gift in remainder the testator did not intend to limit the use of the property in the hands of the first taker in any respect, and in the bequest to the first taker gives an absolute estate, using words which admit of no other construction, the rule as to the repugnancy must apply. We do not think that Mr. Stowell intended by the gift in remainder, to limit the use which his wife might make of the residue. We think he intended she should take his own place in respect to it, and use it in an unlimited manner; and his intent in that respect should be carried out. We see no difference in the meaning of the words if transposed so as to read " to use and dispose of as she may think proper for her benefit and support." This holding renders it unnecessary to pass upon any other question.

Judgment affirmed. Cause ordered certified to the Probate Court.