## CRITCHETT *v.* COOPER.

One who contracts to buy land and pay for it at a day fixed, provided the seller shall then give a good warranty deed of the premises, is not bound to advance the purchase-money to pay off existing liens, nor to accept the seller's promise to use the money when paid for that purpose.

ASSUMPSIT, upon a written contract dated April 1, 1886, wherein the defendant agreed to pay the plaintiff $2,500 in one year from date, or as soon thereafter as satisfactory arrangements could be made, for a certain piece of land in Concord, "provided said Critchett shall give me a good and sufficient warrantee deed of said premises at the expiration of said year," etc. At the date of the contract there were four incumbrances on the premises, viz., two mortgages, one attachment, and a claim by a Mrs. Critchett, wife of a former owner.

April 1, 1887, the attachment and one of the mortgages, that to Mrs. Ayer, were still outstanding and undischarged. On that day the plaintiff called on the defendant and requested payment for the land, saying that Mrs. Ayer was ready to discharge her mortgage claim as soon as she got her money, and that the $2,500 which the defendant was to pay for the land, together with $500 which one Flagg owed the plaintiff, would enable him to discharge the mortgage. The defendant asked him if he had got the deed, and he said, "No, I shall get it as soon as I get the $2,500 from you and the $500 from Flagg." The plaintiff called on the defendant again on the evening of the same day, and said he had not got the deed, but should in ten or eleven days, when he got the $2,500 from the defendant and the $500 from Flagg. He did not show any deed or other paper to the defendant, nor speak of having any.

April 11, 1887, the plaintiff and H. W. Stevens, his attorney, again called on the defendant and requested payment of the $2,500. They offered her a warranty deed of the plaintiff and wife, and a quit-claim deed from Mrs. Ayer and her husband, and Mr. Stevens informed her that he had authority to release all incumbrances. The defendant claimed that the time had gone by, and asked for a certificate from the recording officer that there were no incumbrances on the property.

Some further conversation took place, but nothing was done, and on the evening of the same day the defendant notified the plaintiff that she should have nothing more to do with the trade.

*Leach & Stevens*, for the plaintiff.

*W. L. Foster*, for the defendant.

SMITH, J.   The defendant's promise to pay the plaintiff $2,500 at the time stipulated was upon condition that he should at the same time deliver to her a warranty deed of the premises bargained for. The payment of the money and the delivery of the deed were to be concurrent acts, and the agreements were dependent.   *Swan* v. *Drury,* 22 Pick. 485, 488.   The plaintiff's covenant would not be satisfied by his executing and delivering a deed in legal form of the land if his title was an imperfect one.   His covenant, in legal effect, required him to convey to the defendant " a perfect and indefeasible title, and to assure the same by a deed in common form and with the usual full covenants.   The undertaking was for a conveyance, good in form and substantially operative in fact upon the title, and vesting it in the defendant free from incumbrance."   *Little* v. *Paddleford,* 13 N. H. 167, 175.   The defendant did not agree to trust to the plaintiff's covenants of warranty, nor to advance money to enable him to pay off incumbrances.

When the plaintiff demanded payment April 1, he made no tender of a deed.   When he tendered a deed April 11, the land was incumbered by Call's attachment and the Worthen mortgage.   If verbal authority to his attorney to release the attachment and mortgage was sufficient, he did not release nor offer to release unless the money was first paid.   It does not appear that the defendant waived any objection.   She was not under any legal obligation to rely upon the plaintiff's promise to do what by the terms of the contract she was entitled to have done before paying the consideration.

<em>Exceptions overruled.</em>

BLODGETT, J., did not sit: the others concurred.