GEORGE C. THRALL ET AL. *v.* WILLIAM S. SPEAR ET. AL.

*Construction of will.   Power of disposal for use during life.   Execution of power.   Deed upon condition.*

1.   The testator devised all the residue of his property to his wife, "to have full control, and the right of any and all my said estate at any and at all times during her life,all to be absolutely for her use and at her disposal while she lives,and if at her decease any of said property or the income, increase or interest thereby shall remain not so used, or disposed of by her, then it is my will that what of said property, its proceeds, increase and income shall remain not so used or disposed of by her, shall go, and be distributed as the law of this State would distribute property to her and my heirs in the proportion of one-third to her heirs, and two-thirds to my heirs." *Held,* that a life estate only was thereby created in the wife, and that she had no power to convey the real property of the estate except for her actual personal use.

2.   After the decease of the testator, the wife, by her individual deed, without referring to the power given by the will, conveyed a farm belonging to the estate to S., "and her heirs of her own body, only * * * upon the terms and conditions hereinafter written," and containing a condition that the grantee should pay all taxes upon the property conveyed, keep it insured, and pay the grantor on demand three hundred and sixty dollars annually, "the death of the said Ada Spear to defeat this deed."   Still later, S. re-conveyed the premises with full covenants of title.   *Held,* that if the original conveyance to S. was in execution of the power conferred by,the will, the subsequent re-conveyance by S. would not defeat the rights of any children, which she might then or afterwards have, in the premises.

3.   But this conveyance was not in execution of that power, for the power was to convey absolutely, for the actual use of the wife, while this was a conveyance upon defeasance, and in effect an incumbrance of the property for her support.

4.   Since the wife had a life estate in the property which the deed was

Thrall et al. *v.* Spear et al.

effectual to convey, and since the deed itself did not purport to be in execution of the power, *Quere*, is not the presumption that it was intended to convey the grantor's life estate and not the fee.

5. At all events, since S. did not, after the reconveyance, perform or attempt to perform the conditions upon which she received the deed, a forfeiture was thereby worked and the title re-vested in the testator's estate, if it had ever passed out of it.

6. The deed to S. was not void as in effect a testamentary disposition of the property conveyed inasmuch as the grantee entered into possession during the lifetime of the grantor.

Bill in chancery for a construction of the will of Charles Beebe, involving the confirmation of the title to certain lands sold by his administrator, and the distribution of the proceeds. Heard upon bill and answer at the September term, 1890. Taft, chancellor, dismissed the bill *pro forma.* The orator appeals.

The case appears in the opinion.

*J. C. Baker,* for the orator.

The whole will must be construed together, and the intent of the testator so gathered will govern. *Casey* v. *Casey,* 55 Vt. 518; *In re* Cushing's will, 58 Vt. 393; *Randall* v. *Josselyn,* 59 Vt. 557.

So read, this will plainly means that the wife has the right to exhaust the property devised to her for her use, but she has no power to dispose of it except for her actual use. It is of little consequence in what form or order a condition is inserted in a will if it clearly expresses the intention of the testator. *Richardson* v. *Paige,* 54 Vt. 373; *Chaplin* v. *Doty,* 60 Vt. 712.

Admitting that Harriet Beebe had the power to make a conveyance of the farm, the title nevertheless re-vested in the estate of Charles Beebe; for the deed was upon condition, and those conditions were not performed. *Smith* v. *Hastings,* 29 Vt. 250; *Giddings* v. *Smith,* 15 Vt. 344; *Giddings* v. *Cox,* 31 Vt. 607; *Haynes* v. *Bourn,* 42 Vt. 687.

*D. E. Nicholson*, for the defendants.

The infant children of Ada Spear have an interest in these premises. The conveyance of Harriet Beebe to her created an estate in fee tail, and she had no power to defeat the title of the heirs.

*Smith* v. *Hastings*, 29 Vt. 240.

The opinion of the court was delivered by

ROSS, Ch. J. The orator, Thrall, as administrator with the will annexed of Charles Beebe, under a license from the Probate Court, conveyed a farm as a part of the estate, to his co-orators, Henry Van Fintell and his wife. It is now claimed that the farm did not belong to the estate of Charles Beebe, but to the children of Ada Spear. This bill is brought to have determined and declared, to whom the farm belongs, before the money received therefor is distributed under the will of Charles Beebe. Charles Beebe died testate, and his will was duly probated. Harriet Beebe, his wife, was executrix of and devisee under his will. The title of the farm depends upon the construction of that clause of Charles Beebe's will, in which he devises the residue of his estate to his wife, and upon the construction and legal operation of her deed of the farm to " Ada Spear and her heirs of her own body only," and what has been done under it. The orator's claim that, on the death of Harriet Beebe, the title of this farm was in the estate of Charles Beebe, and the defendants' that it was in the children of Ada Spear. That portion of Charles Beebe's will involved reads as follows : " All the remainder of my property, both real and personal, and of every and all kinds and descriptions, I give and devise to my devoted and dearly beloved wife, Harriet Beebe, who has shared my efforts and fortunes in life, and done her full share by industry and economy in accumulating my property, my said wife to have full control, and the right of any and all my said estate at any and

all times during her life, as well my real as my personal estate so devised to her, and as well the principal as the income and increase thereof, all to be absolutely for her use and at her disposal while she lives, and if at said decease any of said property, or the income, increase or interest thereof shall remain not so used, or disposed of by her, then it is my will that what of said property, its proceeds, income and increase shall remain not so used or disposed of by her, shall go and be distributed as the law of this State would distribute property to her and my heirs in the proportion of one-third to her heirs and two-thirds to my heirs." Under this provision, the farm, of the value of $6,000, and personal estate to the amount of nearly $9,000 came to Harriet Beebe. This included the most of his estate. The testator left no children. The intention of the testator, gathered from the language used interpreted by its application to the circumstances of the testator and his property, controls the construction to be placed on this provision of his will. He has used many words to convey his thought or intention. Two leading thoughts or purposes run through the provision; namely, the purpose to provide amply for his wife who had been instrumental in helping him accumulate the property, and the purpose to have what was not so used, descend to her and his heirs in the proportions named. It is observable in the language used, that no words are found giving the property to her, and her heirs or assigns. Her control and right are limited to the period of her life. So too are her use and disposal of the property. Whatever remains at her decease is devised over. His language is explicit that all the property shall be "absolutely for her use, and at her disposal while she lives." It is contended by the orators that her power of disposal is limited, by the next preceding clause, or qualification, as though it read, "All to be absolutely for her use and at her disposal for her use while she lives." When it is considered, that if her power of disposal is unlimited, the devise over of what remains unused, would be of little legal force,

there is reason in the contention. By the words "All to be absolutely for her use," the testator did not intend to limit her use strictly to a use for her comfortable and necessary support. We think by this unrestricted language, he intended that she should have the power and right to use the property not only for her necessary and comfortable support, but for such other purposes, by way of contributions and gifts, as she had been accustomed to make, and should deem reasonable and prudent to make, having reference to her relations in life and former practice. To give the power of disposal a scope beyond this, would legally defeat the clear intent of the testator manifested by the gift over. There could legally be nothing left to be given to his and her heirs in the proportion named, if she took the remainder of the estate absolutely, with no limitation upon her power to use and to the disposal of it. Hence, since the power of disposal is found closely coupled with the life use, we think it is limited to that use, and that while the use includes the comfortable and necessary support of the wife, it also includes all the reasonable and customary uses of the character named. The devise over as well as the absence of all words to this effect would seem clearly to take away her power of disposal by will, or testamentary disposition. It also seems the clear intention of the testator to have the power so used, that what remained undisposed of under the power should be in a distributable condition. He provides that it shall go and be distributed in accordance with the law. This would also limit her power of disposal to an absolute disposal, for the uses named. It does not give her the power to encumber the property by a mortgage or other life estate. Powers of this kind are to be construed as strictly as powers conferred by law. They are not to be given effect beyond their evident scope and purpose. Power to dispose of property, especially when what remains undisposed of is to be left in a distributable condition, is as much limited in its exercise as the power given by a license from the Probate Court to sell real estate.

Such powers give no right to encumber such property. *Brown* v. *Van Duzee*, 44 Vt. 529. We think that this is the construction to be given to her right to use and dispose of the remainder of the testator's estate. While it is all to be absolutely for her use, and at her disposal while she lives, it is to be for *her*, meaning *personal use*, and at her disposal for such use. Else the devise of what remains unexpended in such use must be held of no effect, because she took the absolute title to the property, and because the devise of the remainder in that event, would become repugnant to the first devise to her in fee. The absolute title or fee, in property, is no more than an unconditioned, absolute right to use and dispose of it. Courts, unless the language of the testator is incapable of any other reasonable construction, will endeavor to avoid rather than create a repugnancy. They are bound to place such a construction on his language, if it can reasonably be done, as will give effect to every clearly expressed intention of the testator. The construction which we have placed on this devise, is the only one that will fully effectuate the two clearly manifest intentions of the testator therein expressed; a full provision for all the needs and wants of his wife; and a devise of the remainder to her and her heirs in the proportion specified. Under this construction the title to the property covered by the devise remained in the estate and did not vest in the devisee; but the devisee was clothed with the power to appropriate any portion of the principal, as well as income to supply *her personal use* as already expressed. If the words conferring the power of disposal are omitted, then the language "all to be absolutely for her use while she lives" creates only a life estate. The addition of the power of disposal only strengthens the implication that the estate intended to be granted was ony a life estate. If an absolute estate was intended by the testator, to be created by the use of this language, the right and disposal would inhere in the devise, and granting it in terms would be unnecessary. It might be granted as a pre_cautionary measure. We conclude that under this devise, Harriet

Beebe took only a life estate in the property, with the power to appropriate any part of it to *her personal use* as already expressed. The remainder not so used, vested in whoever should be his and her heirs, in the proportions designated. In *Burleigh* v. *Clough*, 52 N. H. 276, (13 Am. R. 23), the devse was in almost the identical language of this devise, stripped of its unnecessary verbiage. On a careful review of a great number of authorities the court reached a like conclusion. That case may be referred to for a review of the authorities on this and the following branch of the case. See also *Stuart* v. *Walker*, 72 Me. 146, (39 Am R. 311). These cases are carefully considered, and fully establish that when the devise is of an express life estate, as in this case, and unlimited power of disposal is added, it does not change the grant into that of an inheritable fee. *Rubey et al.* v. *Barnett*, 49 Am. Dec. 112 note, (12 Missouri 3); *Manderson* v. *Lukens*, 62 Am. Dec. 312 and note, (23 Penn. St. 31.)

In a little over three years after the death of Charles Beebe, the devisee, by her own personal deed, without referring to the power given by the will of her husband, "for the consideration of matter and condition herein named, and two dollars," conveyed the farm to Ada Spear, the wife of William Spear, "and her heirs of her own body, only * * * upon the terms and conditions hereinafter written." The *habendum* and covenants are to Ada Spear, "and such her heirs." Then follows this condition: "Provided, however, that if the said Ada Spear shall fail to keep all taxes on the property and its increase, avails, products and substitutions, promptly and currently paid, also adequate fire insurance for benefit of said place for rebuilding thereon, and in addition thereto pay to me, the said Harriet Beebe, to my personal satisfaction, and on demand, three hundred and sixty dollars annually during my natural life, and for the payment of which I reserve the right to dispose of any of said property in my own discretion, and no waste, or removal or diminution of said property to be allowed; the whole property to stand between me and personal

suffering, pauperism or want, then this deed to become null and void; but if said terms and conditions are met and fulfilled, this deed to be of full force, but the death of said Ada Spear to defeat this deed."

The orators contend that this deed was testamentary in character and that Harriet Beebe had no right under the power to dispose of the property in that manner. Whether a conveyance by deed is only testamentary in character, depends upon whether the grantee takes a beneficial interest in, or comes into the possession and use of the thing granted only upon the decease of the grantor. *Caselton* v. *Cameron*, 54 Tex. 72, (3 Am. R. 620, and cases cited in note). Here the grantee went immediately into possession and use of the property conveyed under the deed. This contention is not sustained.

In 1884, after having occupied the farm for about five years under the deed, Ada Spear and her husband by deed with full covenants of warranty, conveyed back to Harriet Beebe. Whether at the time of either of these conveyances, Ada Spear had any children, does not appear. It only appears that when the orator, Thrall, as administrator of Charles Beebe, conveyed the farm under the license from the Probate Court in 1887, she had two infant children in whom it is contended that the title of the farm is vested, by the deed from Harriet Beebe, their right of possession to take effect at the decease of their mother, Ada Spear. If it was within the scope of the power given to Harriet Beebe by the will of Charles Beebe, for her to make this deed to Ada Spear, if that deed is an execution of that power, and if it is unaffected by the conditions thereby imposed, it conveyed in the property described, under the statute and decisions of this State, a life estate to Ada Spear, and the remainder in fee to "her heirs of her own body," if any such there should ever be. R. S. 1916. *Giddings* v. *Smith*, 15 Vt. 344; *Giddings* v. *Cox*, 31 Vt. 607; *Haynes* v. *Bourn*, 42 Vt. 687. The descriptive words, "her

heirs of her own body only," being equivalent to her children, they took under the deed not by descent, but by purchase. *Blake* v. *Hyde et al*, 27 Vt. 475; *Smith* v. *Hastings*, 29 Vt. 240; *Butler* v. *Huestis*, 68 Ill. 594, (18 Am. R. 589).

Hence the re-conveyance by Ada Spear and husband to Harriet Beebe would convey only the estate Ada had, a life estate. The children who took the remainder would not be affected thereby. It is to be considered whether the deed of Harriet Beebe to Ada Spear was a good execution of the power conferred by the will of Charles Beebe. The title of the farm rested in the estate, until the power was duly executed. As already observed, the deed has no allusion to the power. It does not, on its face, attempt to convey any property, the title to which was in the estate of Charles Beebe. It only professes to convey the property of the grantor. Harriet Beebe, as we have seen, took the use of the farm for life. Her deed would be effectual to convey this. If Ada Spear had children, and deceased during the life of Harriet Beebe, the children would take the remainder of the life estate of Harriet Beebe. Hence, it was possible for all the conditions of the deed to be fulfilled, if it was only a conveyance of her life estate. The general rule seems to be, that, when a person clothed with the power to convey specific property, has an interest therein upon which his conveyance would be operative without the aid of the power, his conveyance with no reference to the power will convey only his individual interest, but the question is always one of intention to be gathered from the whole instrument. Says Judge Story, in *Blagge* v. *Miles*, 1 Story 426, at page 446, after reviewing the English and American cases, "I agree that the intention to execute the power must be apparent and clear, so that the transaction is not fairly susceptible of any other interpretation. If it be doubtful, under all the circumstances, then the doubt will prevent it from being deemed an execution of the power. *Burleigh* v. *Clough*, *supra*, is instructive on this branch of the case, and reviews the authorities

to a considerable extent. We think considering all the provisions of this deed, it is fairly doubtful whether Harriet Beebe intended the deed to be an execution of the power conferred by the will. But passing this point for the present; if we are correct in holding that the right to use the power was limited so that she could avail herself of it only to supply her use of the property for the purposes named, it is not shown that any occasion had arisen for the use of the power to convey any estate in the farm beyond the life estate of Harriet Beebe. It is without consideration except the payment of taxes, insurance, and a rent, during the life of the grantor. Beyond these the grantor reserves the estate to supply her actual necessities and wants. It also closes with the clause, "but the death of Ada Spear to defeat this deed." It may be that this "was intended to be limited to her death during the life of the grantor, but it is not so expressed. This deed would seem to fail to be an execution of the power within the rule laid down by Judge Story. But if within the rule, we think this clause of the will of Charles Beebe, when considered as a whole, clearly conferred a power only to dispose of the property to supply the devisees' support and needs as already expressed, and did not authorize her to encumber it. It was his intention, clearly manifested, that what of his estate was left unused by his wife should be in a distributable condition. If Ada Spear never had children, as the remainder was to "her heirs of her own body only," the farm would revert to the estate to be distributed on the termination of Mrs. Spear's life estate. We do not think the testator intended this power to be used in any such manner. The same objection appears to her making a conveyance under the power with a defeasance attached. Her deed to Ada Spear in the premises is "upon the terms and conditions hereinbefore written." Then the conditions attached, if uncomplied with, *ex vi termini*, work a defeasance of the whole estate created. It is admitted by Ada Spear and her husband, that "terms and conditions of said deed from Harriet Beebe to us was

found to be mutually so unsatisfactory that by common consent of all three of us we re-deeded back to her." It is true that their deed could only convey back the life estate which Ada Spear took under the deed from Harriet Beebe. But as the result of that deed, they abandoned all performance or attempted performance of the condition of defeasance contained in the deed of Harriet Beebe. By such failure to perform, the deed became inoperative, and the title of the farm came back to the estate of Charles Beebe. This was the evident intention of all the parties to the re-conveyance. They made the re-conveyance for the reason they made up their mind no longer to perform the conditions. That Harriet Beebe concurred in the conclusion not to perform and accepted the re-conveyance, and entered into possession, did not relieve the failure of Ada Spear to perform of its effect to work a forfeiture both of her life estate, and of the remainder in her children. Whatever title came or could ever come to the children of Ada Spear, came under the deed burdened with conditions, which if unperformed, worked a defeasance of the whole title conveyed by the deed. We conclude, therefore, that the power of disposal, determined by the intention of the testator gathered from the terms of the whole devise giving the power, was particular rather than general, in that it was given only to supply the reasonable use of the property by the devisee, as already defined and required, and a full unconditional disposal of the farm if any was necessary; that the deed furnished no undoubted evidence that it was intended by Harriet Beebe for an execution of the power; that, if otherwise entitled to be considered an attempt to execute the power, it failed of a due execution thereof, in that it was an absolute disposal of the farm, and conveyed only a conditional defeasable title, the conditions whereof were not performed and the title attempted to be conveyed was defeated; that the title to the farm, on the death of Harriet Beebe, unincumbered, vested in the estate of Charles Beebe, and that the funds derived therefrom should be disposed

Thrall et al. *v.* Spear et al.

of as required by the will of Charles Beebe. As supporting these conclusions, the following cases are more or less to the point: *Wilson* v. *Troup*, 2 Cow. 195, 14 Am. Dec. 458; *Cranston* v. *Crane*, 93 Am. Dec. 106, (97 Mass. 459) and note; *Thompson et al* v. *Garwood et al*, 31 Am. Dec. 506, (3 Wharton 287); *Huntt* v. *Townshend*, 100 Am. Dec. 63, (31 Md. 336) and note; *Cross* v. *Carson*, 44 Am. Dec. 742, (8 Blackf. 138) and extended note of conditions subsequent, the effect of the breach, and how taken advantage of; *Leach* v. *Leach*, 58 Am. Dec. 642, (4 Ind. 628); *Devereaux* v. *Cooper*, 11 Vt. 103; *Farnham* v. *Thompson*, 57 Am. R. 391, (34 Minn. 331) and note; *Smith* v. *Barrie*, 56 Am. R. 391, (56 Mich. 314); *Maryland M. Ben. So.* v. *Clendinen*, 22 Am. R. 52, (44 Md. 429).

*Pro forma decree reversed, and cause remanded with mandate to enter a decree for orators in accordance with the views heretofore expressed.*