MOSES MORSE   *v.* HANNAH A. STODDARD'S ESTATE.

May Term, 1916.

Present:· MUNSON, C. J., WATSON, HASELTON, POWERS and TAYLOR, JJ.

Opinion filed October 14, 1916.

*Wills—Construction—Intention   of   Testatrix—Life   Estate— Trustees.*

Where a question arises as to the construction of any one paragraph of a will, the entire instrument is to be considered in arriving at the intention of the testator.

Where a testator bequeathed to her brother all of her personal property, and, by a subsequent paragraph in her will, made provision that if there should be funds left after the decease of her brother, and the payment of his debts and funeral expenses, the balance should go to her two youngest daughters, share and share alike, and directed that, if her brother should lose his faculties, his guardian should furnish him with necessaries, if it should take the last dollar of the property, the brother took the use of the estate during his life, and so much of the estate itself as might be necessary for his support, with remainder to the daughters.

P. S. 3005, which authorizes the probate court to appoint a trustee, where the use of property, real or personal, descends to a person for life, or for a term of years, applies when the use passes by will, as well as where it passes by operation of law.

A mere right in one holding a life estate in personal property to receive support out of the principal if necessary, does not take the case out of the operation of P. S. 3005, which authorizes the probate court to appoint a trustee where the use of property, real or personal, descends to one for life or for a term of years.

Where a testatrix bequeathed to her brother a life estate in certain personal property, with power to use the principal, if necessary for his support, a decree giving to him the use of the property both income and principal so far as may be reasonably necessary to support and maintain him, is erroneous, and will be modified so that the beneficiary will receive the entire income, whether needed for his support or not.

APPEAL from a decree of the probate court distributing the residue of the estate of Hannah A. Stoddard and construing the last will and testament of the said Hannah A. Stoddard. Trial by court at the October Term, 1915, Essex County, *Slack,* J., presiding. Judgment, upon the facts found by the court, for the appellees. The appellant excepted. The opinion states the case.

*W. W. Reirden* and *E. A. Cook* for the appellant.

The appellant took an absolute estate in fee in the property, bequeathed to him and the attempted disposition over is void. *Stowell* v. *Hastings,* 59 Vt. 494; *Chaplin* v. *Doty,* 60 Vt. 712; *Judevine's Ex'rs.* v. *Judevine,* 61 Vt. 587; *Conant's Ex'rs.* v. *Palmer,* 63 Vt. 310; *White et al.* v. *White's Ex'r.,* 21 Vt. 250; *Hart* v. *White,* 26 Vt. 260; *Moran et al.* v. *Moran's Ex'r.,* 5 L. R. A. (N. S.) 323, 106 N. W. 206; 2 Redf. on Wills 278; 2 Jarman Wills, c 15; *Bernstein* v. *Bramble,* 8 L. R. A. (N. S.) 1028; *Roth* v. *Rauschenbusch,* 173 Mo. 582, 61 L. R. A. 455; *Jones* v. *Bacon,* 68 Me. 34, 28 Am. Rep. 1, and note; *Ide* v. *Ide,* 5 Mass. 500; *Burton* v. *Gagnon,* 180 Ill. 345, 54 N. E. 279; *Mitchell* v. *Morse,* 77 Me. 423, 1 Atl. 141, 52 Am. Rep. 781; *In re Luques' Estate,* 95 Atl. 1021; *Gifford* v. *Choate,* 100 Mass. 343; 4 Kent's Commentaries 535; Gardner on Wills, 466; *Van Horne* v. *Campbell,* 100 N. Y. 287, 53 Am. Rep. 166; *Morre* v. *Sanders,* 15 S. C. 440, 40 Am. Rep. 703.

The appellant has, by the terms of the will, the power to consume or dispose of the property, and the claimed subsequent

limitation is repugnant and void. *Stowell* v. *Hastings,* 59 Vt. 494; 4 Kent Comm. (13 ed.) marginal page 270; *Moody* v. *Walker,* 3 Ark. 187; *Howard* v. *Carusi,* 109 U. S. 730, 27 L. ed. 1089, 3 Sup. Ct. 575; *Rona* v. *Meir,* 47 Iowa, 607, 29 Am. Rep. 495; *Ramsdell* v. *Ramsdell,* 21 Me. 288; *Gifford* v. *Choate,* 100 Mass. 343; *Hale* v. *Marsh,* 100 Mass. 468; *Ide* v. *Ide,* 5 Mass. at p. 504; 2 Redfield on Wills (3rd ed.) 278; Page on Wills, sec. 684; *Allen* v. *Herlinger,* 13 L. R. A. (N. S.) 458; *Leggett* v. *Firth,* 132 N. Y. 7, 29 N. E. 950; *Kendall* v. *Case,* 84 Hun. 124, 32 N. Y. Supp. 553.

The testatrix did not intend to create a trust respecting the property bequeathed to the appellant, and the court erred in ordering the appointment of a trustee. Gardner on Wills, 533; 40 Cyc. 1727, 1729, 1732, 1733, 1 Lewin Tr. *83, 132; *Seabrook* v. *Grimes,* 16 L. R. A. (N. S.) at p. 488; *Park's Adm'r* v. *Home Missionary Society,* 62 Vt. 19.

The appellant is entitled to the possession, management and control of the property. *Park's Adm'r* v. *Home Missionary Society,* 62 Vt. 19, 23; *Pierce* v. *Stidworthy,* 4 N. E. 498; *Howland* v. *Howland,* 100 Mass. 222; *In re Otto,* 34 Minn. 173; *Post* v. *Van Horton,* 3 Cent. Rep. 345; *Copeland Exr.* v. *Barron,* 72 Me. 206; *Stone* v. *Nash,* 41 Me. 206; *Martz* v. *Sedam,* 67 Ind. 216.

*George B. Young, Claire R. Powell* and *Walter H. Cleary* for the appellees.

Subsequent limitations, if clear, may cut down an absolute interest apparently given. *Richardson* v. *Paige,* 54 Vt. 373; *McCloskey* v. *Gleason,* 56 Vt. 264; *Stowell* v. *Hastings,* 59 Vt. 494; *Smith* v. *Bell,* 6 Peters 68.

If the will contains two provisions so inconsistent that both cannot be carried into effect the last will prevail. But, if by any rational construction, the several parts of the will can be made to harmonize so as to concur with the obvious general intent of the testatrix, no provision of the will should be rejected, but each should be interpreted with relation to the other provisions. Redfield on Wills, (3rd ed.) Vol. 1, p. 401, 415, 416, 418, 422-3; Gardner on Wills, p. 374; Jarman on Wills, Vol. 2, p. 44; *Hibbard* v. *Hurlburt,* 10 Vt. 173; *Thrall et al.* v. *Spear,* 63 Vt. 266; *In re Mary Kenniston's Will,* 73 Vt. 75 at 77; *Cheney's*

*Exec. et al.* v. *Stafford et al.*, 76 Vt. 16 at 19; *In re Irish's Will*, 89 Vt. 62; *Smith* v. *Bell*, 6 Peters 68; *Dawes* v. *Swan*, 4 Mass. 208 at 215; *Homer* v. *Shelton Exec.*, 2 Metc. 194 at 202; *Rogers Exec.* v. *Rogers et al.*, 49 N. J. Eq. 98, 23 Atl. 125.

The court has power to order the appointment of a trustee to safeguard the property in the interests of all parties concerned. Public Statutes, Sec. 3005; *Mitchell et al.* v. *Blanchard et al.*, 72 Vt. 85; *In re Mitchell's Will*, 74 Vt. 186 at 193; *In re Cary's Estate*, 81 Vt. 112 at 120.

MUNSON, C. J. This case involves a construction of the will of Hannah A. Stoddard, in ascertainment of the rights of Moses Morse, the principal legatee.

The first provision of the will is an appointment of a sister of the testatrix "to make the distribution" of her household effects, and "to see that there is enough left of said household goods for the use and comfort" of her brother, Moses Morse. This is followed by three several bequests of table ware and furniture to Mrs. H. C. Bennett, Mrs. E. E. Davis, and Mrs. Alfred Wilson, daughters of the testatrix.

The main controversy is concerning the fourth and fifth items of the will, which read as follows:

"Fourth. I will and bequeath my brother Moses Morse * * * all of my personal property of every kind and name that I may die seized and possessed of, be the same money, securities, mortgages or personal property of every description after the above willed are disposed of. I wish to have my funeral expenses paid out of this personal property and the balance to go to my brother Moses Morse.

"Fifth. Should there be funds left after the decease of my brother Moses Morse after paying all just debts and funeral expenses of my said brother, I will and bequeath to Mrs. Herbert C. Bennett * * * the sum of two dollars, and the balance if there is any to go to my two youngest daughters; whatever it may be, more or less; Mrs. E. E. Davis and Mrs. Alfred Wilson, each to share and share alike and they are to have the entire and absolute control of whatever that may be left to them."

The next and concluding direction of the will is as follows: "Should my said brother, Moses Morse at any time lose his faculties or mind, so that he is not capable of doing business I do nominate and appoint Edward E. Davis * * as his guardian,

and he as his guardian is to treat him with kindness and consideration, and in sickness to be furnished with necessaries as his age and health may require if it takes the last dollar of the property."

The legatee Morse claims that the fourth clause of the will gives him an absolute estate in fee in the property bequeathed to him, and that the gift over contained in the fifth clause is void. It is claimed on the other hand that the estate which would have been created by the language of the fourth clause standing alone, is limited by the bequest which follows it. Various supporting arguments are based upon the other provisions stated above. No question is made but that the entire instrument is to be considered in arriving at the testatrix's intention as regards the paragraph in dispute. *Hibbard* v. *Hurlburt,* 10 Vt. 173; *Randall* v. *Josselyn,* 59 Vt. 557.

No two wills are exactly alike, and decisions in the most similar cases are to be considered aids to construction rather than direct authorities. Various provisions which have been held to create an absolute estate, notwithstanding expressions claimed to indicate a contrary intention, will be found in *Hart* v. *White,* 26 Vt. 260; *Stowell* v. *Hastings,* 59 Vt. 494, 8 Atl. 738, 59 Am. St. Rep. 748; *Chaplin* v. *Doty,* 60 Vt. 712, 15 Atl. 362; *Judevine* v. *Judevine,* 61 Vt. 587, 18 Atl. 778, 7 L. R. A. 517. Instances of bequests which have been held to carry only a life interest, notwithstanding the use of terms and the presence of other provisions indicative of an estate in fee, will be found in *Richardson* v. *Paige,* 54 Vt. 373; *McCloskey* v. *Gleason,* 56 Vt. 264, 48 Am. Rep. 770; *Parks* v. *American, etc., Soc.,* 62 Vt. 19, 20 Atl. 107; *Thrall* v. *Spear,* 63 Vt. 266, 22 Atl. 414; *Conant* v. *Palmer,* 63 Vt. 310, 21 Atl. 1101.

The case *In re Kenniston's Will,* 73 Vt. 75, 50 Atl. 558, was disposed of on a rather extended review of the decisions in this and other jurisdictions. The bequest in question there was as follows: "I give and bequeath to my husband * * the sum of two thousand dollars; also my farm * * known as the Conant place." This was followed by a clause which provided that what remained of the above mentioned property after the decease of the husband should be divided among certain charitable institutions. It was held that the husband took only a life estate.

Among the cases reviewed in the above opinion was *Smith* v. *Bell,* 6 Pet. 68, 8 L. ed. 322. The only legatees in that case

were the testator's wife and son Jesse, and the bequests in question were as follows: "I give to my wife * * all my personal estate whatsoever and wheresoever, and of what nature, kind and quality soever, after payment of my debts, legacies, and funeral expenses; which personal estate, I give and bequeath unto my said wife, * * to and for her own use and benefit and disposal absolutely; the remainder of said estate, after her decease, to be for the use of the said Jesse." In disposing of the case Chief Justice Marshall said: "It must be admitted that words could not have been employed which would be better fitted to give the whole personal estate absolutely to the wife, or which would more clearly express that intention." But it was considered that the further provision gave a remainder to the son with as much clearness as the preceding words gave the whole estate to the wife; that both clauses were equally the words of the testator and expressive of his intention, and were capable of and required a construction that would give effect to both.

The authority of this decision has been questioned by the Massachusetts court in *Gifford* v. *Choate,* 100 Mass. 343, and the case has been commented upon and distinguished in *Potter* v. *Couch,* 141 U. S. 296, 35 L. ed. 721, 11 Sup. Ct. 1005, in an opinion written by Justice Gray. But the case has been cited with approval in several opinions of this Court. *Richardson* v. *Paige,* 54 Vt. 373; *McCloskey* v. *Gleason,* 56 Vt. 264, 48 Am. Rep. 770; *Stowell* v. *Hastings,* 59 Vt. 494, 8 Atl. 738, 59 Am. St. Rep. 748; *Judevine* v. *Judevine,* 61 Vt. 587, 18 Atl. 778, 7 L. R. A. 517.

In the case last cited the court discussed somewhat the grounds of the decision in *Smith* v. *Bell,* and concluded that the decision was not made in disregard of the doctrine, held applicable in certain of our cases, that a gift of property with an absolute power of disposition carries the fee. The appellant Morse insists that the will gives him this power, and that the further provision is void. In considering this claim it must be noticed that there is a difference between a right to use up the entire property if needed for a certain purpose, and an unlimited power of disposal. This distinction is fully presented in *Stowell* v. *Hastings,* 59 Vt. 494, 8 Atl. 738, 59 Am. St. Rep. 748; *Parks* v. *American, etc., Soc.,* 62 Vt. 19, 20 Atl. 107, and *Thrall* v. *Spear,* 63 Vt. 266, 22 Atl. 414.

The bequest in question contains none of the terms usually employed to indicate an estate in fee. It contains nothing that expressly gives even a limited power of disposal. So the gift in remainder can be given effect as a limitation of the preceding bequest without overriding any of its language. The terms of the fifth bequest imply that there may be an authorized diminution of the fund in the hands of the first taker; but this requires nothing more than the recognition of a right to support out of the principal if necessary. It is contended, however, that certain language of the fifth bequest, especially when taken in connection with an expression in the clause following, requires a construction giving Morse an absolute power of disposition. It is argued that the final provision of the will assumes that he will be engaged in business, and that the provision in the fifth clause for the payment of debts existing at his decease implies that he will have the power to charge the property with debts incurred in the business. But this construction is not necessary to give effect to the language employed, for there might be debts at his decease necessarily incurred for his support. The construction limiting the gift to a life interest and sufficient support is in line with the provision which the testatrix undertook to make for the care of her brother in the event of his incapacity. He is to be furnished with necessaries as his age and health may require if it takes the last dollar of the property. The first provision of the will requires the person appointed to make the distribution of the household effects to see that enough is left for the use and comfort of her brother. We think the will as a whole discloses a manifest intention to give the use of the estate to her brother during his life and so much of the estate itself as may become necessary for his support, and to have what may be left go to her daughters for their absolute disposal.

It appears that the estate consists entirely of personal property, and that the fund in the hands of the executor is about three thousand dollars. The court below entered a decree in accordance with the claim of the appellees, and directed the appointment of a trustee to hold and apply the property. The appellant claims that this direction is error. It is said that there can be no trust where there is no intention to create one, and that there is nothing in the language of this will that indicates such an intention.

We think this direction of the county court was correct. The statute authorizes the probate court to appoint a trustee "when the use of property, real or personal, descends to a person for life or for a term of years." P. S. 3005. This provision is construed to include cases in which the use passes by will as well as cases in which it passes by operation of law. *Mitchell* v. *Blanchard*, 72 Vt. 85, 47 Atl. 98. The appellant cites in support of his position *Parks* v. *American, etc., Soc.*, 62 Vt. 19, 20 Atl. 107. This was a bill for the construction of the will, and the court held that the legatee, the testator's wife, took only a life estate, but refused to appoint a trustee, no special reason therefor being shown. In that case the will gave the wife the use of all the estate, with further gift as follows: "So much of the principal as she may see fit to use for her necessary and comfortable support, and for charitable and benevolent purposes, and contributions for worthy objects, in her own discretion, without limitation or restriction on my part, believing that she will exercise prudence and good discretion." We think a mere right to receive support out of the principal if necessary, does not take the case out of the operation of the statute.

The decree gives the appellant the use of the property "both income and principal, so far as may be reasonably necessary to support and maintain him * * ." This language is not entirely accurate, for the beneficiary is entitled to receive the entire income whether needed for his support or not; and the terms of the order will be modified in this respect.

*Decree modified and affirmed as modified, and ordered certified to the probate court.*