EDWARD C. RIPLEY, ADMR. *v.* MYRON R. BENJAMIN, ADMR.

Special Term at Rutland, November, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 2, 1940.

*Milford D. Whedon (Granville, N. Y.), Fenton, Wing & Morse* and *Bernard R. Dick* for the appellant.

*Stafford, Abatiell & Stafford* for the appellee.

BUTTLES, J.   This is a direct appeal from probate court for the District of Fair Haven. Fred G. Chandler died testate on March

78

29, 1919. His will, which was duly admitted to probate, gives specific legacies to each of his three daughters and then continues as follows: "I also Will and Bequeath unto my Wife Bertha N. Chandler All the remainder of my Property both real and Personal.

"After the death of My Wife Bertha N. Chandler The remaining property to be equaly divided between my Three daughters First Mrs. Grace L. Griffin Second Mrs. Blanche F. Bristol Third Mrs Pearl M. Haskins"

Subsequently Bertha N. Chandler married Earl Cook and deceased on July 25, 1935, without having fully administered the estate of Fred G. Chandler, of whose will she had qualified as executrix. She was survived by her husband and the three daughters of Fred G. Chandler and herself. On October 8, 1935, Edward C. Ripley was appointed administrator of the estate of Bertha Chandler Cook, and on October 18, 1935, Myron R. Benjamin was appointed administrator d. b. n. c. t. a. of the estate of Fred G. Chandler. Thereafter said Benjamin as administrator brought a petition to probate court under the Uniform Declaratory Judgments Act, P. L. Ch. 68, seeking to establish the rights of the parties under the will of the testator. After notice and hearing the court made findings and judgment to the effect that said will gives to the testator's wife, Bertha N. Chandler Cook, an absolute gift in fee in the property devised and bequeathed to her. From such findings and judgment the petitioner—defendant herein—has appealed to this Court. Numerous exceptions were reserved by the appellant, but the sole ultimate question involved is whether the provision of the will first above quoted gives to Bertha N. Chandler an estate in fee in the property devised and bequeathed to her, or a life estate only with remainder to the three daughters named in the next following provision.

[ █ ] No two wills are exactly alike and decisions in the most similar cases are to be considered aids rather than direct authorities. *Morse* v. *Stoddard's Estate*, 90 Vt. 479, 483, 98 Atl. 991; *Shepard's Heirs* v. *Shepard's Estate*, 60 Vt. 109, 116, 14 Atl. 536; *In re Keniston's Will*, 73 Vt. 75, 83, 50 Atl. 558; *In re Robinson's Will*, 101 Vt. 464, 468, 144 Atl. 457, 75 A. L. R. 59. In the construction of a will certain general principles are to be applied. But all the principles of construction are only aids in ascertaining with certainty, the intention of the testator as found

in the will itself. When that intention, if lawful, is once ascertained, it is the duty of the court to declare and enforce it. *Shepard's Heirs* v. *Shepard's Estate, supra; Crossman* v. *Crossman's Estate,* 100 Vt. 407, 411, 138 Atl. 730. Consideration must be given to every part of a will, since it is not to be presumed that the testator used an unnecessary word or one to which no proper force can be given. *Shepard's Heirs* v. *Shepard's Estate, supra.* If different provisions of the will apparently conflict, such construction is to be given to them as will give effect to all the provisions unless a clear repugnancy exists between the different provisions. *McCloskey* v. *Gleason,* 56 Vt. 264, 267, 48 Am. Rep. 770.

The will here in question is very much like the one construed in *In re Keniston's Will,* 73 Vt. 75, 50 Atl. 558, 559. In that case the second and third clauses of the will in controversy read as follows: ''2nd. I give and bequeath to my husband, Nathan Keniston, the sum of two thousand dollars; also my farm in Greensboro known as the Conant place. 3rd. After the decease of my husband, Nathan Keniston, it is my will that what remains of the above mentioned property shall be divided as follows:''—naming three missionary boards and societies as beneficiaries. The Court reached the conclusion that the intention of the testatrix is clear to provide for her husband during his life, and to have what remained at his death pass to the beneficiaries named in the third clause; that the third clause is not inconsistent with the second, and need not be rejected for repugnancy, for the two intentions can subsist together and all parts of the will be sustained.

The earlier case of *Stowell* v. *Hastings,* 59 Vt. 494, 8 Atl. 738, 739, 59 Am. Rep. 748, is strongly relied upon by the appellee here. The clause of the will there questioned reads thus: ''I give to my beloved wife * * * the residue and remainder of all my estate, both real and personal, for her benefit and support, to use and dispose of as she may think proper. If any of the estate should be left in my wife's possession at her death, it is my will that the same should be equally divided between eight of my brothers and sisters.'' The Court said at page 496 of 59 Vt., 8 Atl. 738, 59 Am. Rep. 748, that if an estate be given to a person generally or indefinitely with an absolute power of disposition, it carries a fee and a remainder over is void for repugnancy, and

held that there was in that case such repugnancy. It should be noted that in the *Keniston* case, while the estate is given to the husband generally or indefinitely, no power of disposition, either absolute or qualified, is given. The same is true of the will in the present case.

In *McCloskey* v. *Gleason*, 56 Vt. 264, 48 Am. Rep. 770, the language of the questioned bequest was, "After all my lawful debts are paid I will to my wife * * * all my property, both personal and real; but at her decease none of said property is to go to her heirs or my heirs; but it is to be economically used at her decease in constructing a monument for us both." There follows a provision for the setting aside of the sum of $4000 for this purpose in the event of the wife's remarriage, "which sum is not to be expended for any other purpose; but in case she does not marry and needs it all for her support she is to have it." The Court said that it was apparent that the testator did not intend to give to his wife his entire property with the right and power of disposing of the same as she saw fit, and held that there was no repugnancy between the bequest to the wife and the later provisions of the will.

In *Morse* v. *Stoddard's Estate*, 90 Vt. 479, 98 Atl. 991, 992, the fourth clause of the will gave to the brother of the testator "all of my personal property of every kind and name that I may die seized and possessed of * * * after the above willed are disposed of. I wish to have my funeral expenses paid out of this personal property and the balance to go to my brother." The fifth clause, which was claimed to be repugnant to the fourth, provided for the disposition to be made of any funds that might be left after the decease of the brother. But it was held at page 485 of 90 Vt., 993 of 98 Atl., that "the bequest in question contains none of the terms usually employed to indicate an estate in fee. It contains nothing that expressly gives even a limited power of disposal. So the gift in remainder can be given effect as a limitation of the preceding bequest without overriding any of its language."

In *Trask* v. *Walker's Estate*, 100 Vt. 51, 59, 60, 134 Atl. 853, the will contained· this provision: "It is my will that all the residue and remainder of my estate * * * shall be decreed to my wife, Sarah A. Walker by the Probate Court for her use and disposal of the same as may seem best to her for her own comfort and convenience." The Court, citing *Stowell* v. *Hastings, supra,*

says: ''He (the testator) gave his wife an absolute power of disposal. We think that Sarah A. Walker took an estate in fee in the residue.''

The questioned bequest in *In re Robinson's Will,* 101 Vt. 464, 144 Atl. 457, 458, 75 A. L. R. 59, reads thus: ''I will and bequeath to Carroll A. Davis the residue of my property, to be used for his own personal benefit in so far as he requires it, if there should be any of my estate left after his death, then it is my will that the residue of my estate be converted into money and the same be holden in trust by the trustees of the Orleans County Memorial Hospital Association, the income to be used for the general purposes of the Hospital.'' The Court distinguishes the meaning of the word ''benefit'' as here used from the definition of that word given in *Stowell* v. *Hastings, supra,* and concludes that the power given to Davis to consume the property is not unlimited, and that the hospital would take a vested interest in whatever might remain at his death. In this case at page 468 of 101 Vt., 144 Atl. at 458, 75 A. L. R. 59, five propositions are stated to be unquestionably established as the law. These propositions need not be here repeated except to call attention to the first, third and fourth, which are as follows, omitting citations: '' (1) Where property is given by will to one absolutely, together with the power, express or implied, of unlimited disposition of it, and by another clause of the will it is attempted to give over an undisposed of remainder of the property, the limitation over is void for repugnancy, because if you give a fee, you cannot curtail its essential attributes. * * * (3) Even when an absolute estate is in terms given by the will, if subsequent passages therein plainly show that it was intended that the beneficiary should take a life interest only, the gift is restricted accordingly. * * * (4) Where the estate given is not especially limited to the life of the donee, it may be enlarged into a fee by an unlimited power of disposition.'' It is apparent from a comparison of the first and third propositions that the difference between an absolute gift which conveys a fee and renders a subsequent limitation void for repugnancy, and a gift of an estate absolute in terms which may be restricted to a life estate by subsequent passages in the will is that in the former case, but not in the latter, there is also given, expressly or impliedly, a power of unlimited disposition of the property.

The language we have quoted from *Morse* v. *Stoddard's Estate, supra,* is exactly applicable in considering the will here in question. The bequest to the wife contains none of the terms usually employed to indicate an estate in fee. It contains nothing that expressly gives even a limited power of disposal. So the gift in remainder can be given effect as a limitation of the preceding bequest without overriding any of its language. It was clearly the intention of the testator to give a life estate only to his wife with remainder to his daughters.

*Judgment reversed, and judgment that the will of Fred G. Chandler gives to his wife, Bertha N. Chandler (Cook), a life estate in the property therein devised and bequeathed to her, and also gives a remainder in fee in that property to the three daughters of the testator, Mrs. Grace L. Griffin, Mrs. Blanche F. Bristol and Mrs. Pearl M. Haskins. Let the appellant recover his costs in this Court. To be certified to the probate court.*